In the Matter of the **WAL–FELD COM-PANY, Inc., Bankrupt.**

**Goldman & Frier, Attorneys for Trustee, Appellant.**

**No. 491, Docket 29559.**

United States Court of Appeals Second Circuit.

Argued April 28, 1965.

Decided May 27, 1965.

Albert Altesman, New York City (Goldman & Frier, and Joseph H. Frier, New York City, on the brief), pro se.

Before LUMBARD, Chief Judge, and WATERMAN and FRIENDLY, Circuit Judges.

LUMBARD, Chief Judge:

Goldman & Frier appeal from an order of the District Court for the Southern

District of New York which confirmed the $11,000 allowance recommended by the referee for the firm's services as attorneys for the trustee in a Chapter XI proceeding. The appellants seek to have the allowance increased to $25,000, the amount which they originally requested. No one has appeared in opposition to their appeal.

 The request for $25,000 is based on a claim of 1150 hours of work on the trustee's behalf. Accepting this claim, $11,000 amounts only to about $10 per hour, a rate which would in general be unreasonably low. But while the claim may be quite accurate, the record did not require the referee to accept it; nor does the record offer any of the detail necessary to value the claimed expenditure of time even if the claim as to the amount of time expended were accepted. For these reasons, we affirm the order of the district court.

The petition for an allowance submitted by Goldman & Frier consists almost entirely of a general description of their services, principally the initiation and settlement of three suits. The sole reference to the time devoted to this work is the statement that one of the partners "expended a total of 750 hours and [his] associates * * * expended a total of about 400 hours." If daily time records were kept, this fact does not appear.

We recently held that a law firm was not entitled to the full amount which it sought for its services to the trustee in bankruptcy because the firm had failed to keep adequate time records. In re Hudson & Manhattan RR. Co., 2 Cir., 339 F.2d 114 (1964). The records kept in that case were incomparably more detailed than anything which appears on the record now before us, and the warning which we then gave is even more appropriate here:

> "[A]ny attorney who hopes to obtain an allowance from the court should keep accurate and current records of work done and time spent. Lawyers are well aware that, especially where services of the nature here involved are spread over a period of time and ultimate payment is virtually assured, they are valued principally on the basis of the time required. There is no excuse for an established law firm to rely on estimates made on the eve of payment and almost entirely unsupported by daily records or for it to expect a court to do so." Id. at 115.

 The appellants point to the fact that $59,000 of the approximately $83,000 received by the trustee came from the three settlements which they obtained. That they thus enriched the estate and did so without extensive litigation is of course commendable. However, their success did not entitle them to support their request for an allowance with nothing more than a bare statement of the total hours worked in such round figures that it is apparent that they are an estimate made many months after the event.

The order of the district court is affirmed.