**In the Matter of SEABOARD DRUG COMPANY, Inc., Bankrupt.**
**No. 92549.**

United States District Court
S. D. New York.
June 11, 1965.

Irving Schneider, New York City, for trustee.

Markewich, Rosenhaus, Beck & Garfinkel, New York City, special attorneys for Trustee; Theodore Perlman, New York City, of counsel.

Samuel Newfield, New York City, for Estate of David M. Schwartz, attorney for Chapter X trustee; also appearing for J. Raymond McGovern, Chapter X trustee.

Stephen L. Hoffman, New York City, for bankrupt.

Harold L. Strauss, New York City, trustee.

HERLANDS, District Judge.

Irving Schneider, attorney for trustee in bankruptcy, and J. Raymond McGovern, former Chapter X trustee, have opposed the recommendations for allowances contained in a report by Hon. Herbert Loewenthal, Referee in Bankruptcy, filed June 7, 1965.

In the petition for allowance which was before the Referee, dated April 13, 1964, Mr. Schneider requested $15,000 as the "fair and reasonable fee for his services" and $374.68 for disbursements. The amount recommended by the Referee was $3,500 for services and nothing for disbursements.

In the petition of April 13, 1964, Mr. Schneider made no attempt to itemize or even specify the *total* number of hours spent on this matter. On the contrary, the petition is fraught with phrases such as "several hours," "minimum of 300 hours," "countless hours," "considerable time," "many many hours," "entire days," etc., and then merely concludes that $15,000 would be a fair allowance in light of the character and extent of the work performed.

The court of appeals for this circuit has said in the case of In the Matter of Hudson & Manhattan R. R., 339 F.2d 114, 115 (1964), as follows:

"We wish to emphasize that any attorney who hopes to obtain an allowance from the court should keep accurate and current records of work done and time spent. Lawyers are well aware that, especially where services of the nature here involved are spread over a period of time and ultimate payment is virtually assured, they are valued principally on the basis of the time required. There is no excuse for an established law firm to rely on estimates made on the eve of payment and almost entirely unsupported by daily records or for it to expect a court to do so."

The above statement was more recently quoted in In the Matter of The Wal-Feld Co., May 27, 1965, 345 F.2d 676 (2d Cir.).

On the basis of the record before the Referee, therefore, Mr. Schneider cannot be heard to complain of the recommended allowance.

Similarly, Mr. McGovern's petition, after outlining the character of the

work he performed, concludes that he "spent more than three hundred fifty (350) hours on this matter," for which he requested an allowance of $5,000. The allowance recommended by the Referee was $2,500.

The court in In the Matter of The Wal-Feld Co., supra, stated:

The request for $25,000 is based on a claim of 1150 hours of work on the trustee's behalf. Accepting this claim, $11,000 [the amount of the confirmed allowance] amounts only to about $10 per hour, a rate which would in general be unreasonably low. But while the claim may be quite accurate, the record did not require the referee to accept it; nor does the record offer any of the detail necessary to value the claimed expenditure of time even if the claim as to the amount of time expended were accepted.

Mr. Schneider has sought to cure the defect in his petitioning papers by submitting to the court, in support of his motion in opposition to the recommended allowance, an affidavit in which he specifies with particularity the hours spent on each item of work done. Added up, the total number of hours is 622 (Mr. Schneider inadvertently slighted himself by one hour in reaching the sum of 621 hours). At the rate of $25 per hour, Mr. Schneider claims an allowance of $15,000.

■ It is unnecessary for the court to decide, at this time, whether $25 per hour represents a fair and reasonable allowance for Mr. Schneider's services, since the mere hourly itemization, unsupported by daily records, is insufficient to meet the standards articulated in In the Matter of Hudson & Manhattan R. R., supra, and reaffirmed in In the Matter of The Wal-Feld Co., supra.

In order to satisfy the standards of the two cases cited above Mr. Schneider must submit either daily time sheets or some other business record, currently kept. Until and unless this is done, this court would not be prepared to disturb the recommended allowance of the Referee.

The need for substantiation is pointed up, in the case of Mr. Schneider, by the fact that there is a discrepancy appearing on the face of the sworn papers submitted by him as to the time spent in Cuba in reference to this matter (allegedly two days in the petition dated April 13, 1964 and allegedly three days (thirty working hours) in the affidavit dated June 4, 1965).

■ If Mr. Schneider is able to adequately substantiate the claim to some 600 hours spent on this matter, then the recommended $3500 allowance would represent only approximately $6 per hour and this would be "unreasonably low." In the Matter of The Wal-Feld Co., supra.

■ Similarly, as to Mr. McGovern, if he is able to substantiate, by the production of an itemized account of the hours worked, supported by daily records, the total of 350 hours, then the $2,500 allowance, representing approximately $7 per hour, would also be "unreasonably low." The court would be prepared to allow at least as to Mr. McGovern, $14 per hour, the approximate amount, requested by Mr. McGovern.

The report of the Referee is hereby confirmed, with the single modification set out below, unless within five (5) days from the date of the filing of this order, the parties in opposition produce the records and itemization necessary to substantiate their respective claims as to the number of hours worked on this matter.

In any case, the report of the Referee will be modified by increasing the recommended allowance to Mr. Schneider by the amount of $374.68, representing the requested allowance for disbursements.

So ordered.