In the Matter of Jack **BORGENICHT**, Debtor-Appellant.

**Hahn, Hessen, Margolis & Ryan,**
Attorneys for Creditors' Committee, Appellee.

**No. 118, Docket 72-1675.**

United States Court of Appeals, Second Circuit.

Argued Nov. 1, 1972.

Decided Dec. 1, 1972.

Elliot L. Krause, New York City (Leinwand, Maron, Hendler & Krause, New York City, on the brief), for debtor-appellant.

Michael S. Landes, New York City (Hahn, Hessen, Margolis & Ryan, Julius J. Abeson, New York City, on the brief), for appellee.

Before LUMBARD, FEINBERG and OAKES, Circuit Judges.

PER CURIAM:

Jack Borgenicht, a Chapter XI debtor, appeals from an order of the United States District Court for the Southern District of New York, Morris E. Lasker, J., approving an allowance of $20,000 to the attorneys representing the creditors' committee. The issue raised on appeal is whether the allowance was reasonable, as both the referee and the district judge found.

■■ We decline to reach that question. It is true that the services rendered by the attorneys appear to have been sizeable and the referee characterized the application for $20,000 as "quite restrained." Nevertheless, the petition for allowance contained only an estimate of time spent (300 hours) and did not include time records of any kind. We have warned that mere estimates are not enough in an application for an allowance, and we have repeatedly requested attorneys to maintain and furnish time records in support of such applications. See, e. g., In re General Economics Corp., 360 F.2d 762, 765 (2d Cir. 1966); In re Wal-Feld Co., 345 F.2d 676, 677 (2d Cir. 1965); In re Hudson & Manhattan R. Co., 339 F.2d 114, 115 (2d Cir. 1964). And nothing that we said in In re Nazareth Fair Grounds & Farmers Market, Inc., 374 F.2d 595 (2d Cir. 1967), was intended to detract from our prior warnings. The failure of appellee here to keep proper records indicates that some other course may be required to obtain compliance with what we regard as a desirable practice. However, it is not necessary to consider that possibility in this case. We were informed at oral argument that appellee can substantially reconstruct accurate time records. We therefore reverse the judgment of the district court to allow (1) submission of such records to it or to the referee and (2) reconsideration of the award upon the fuller record.[1]

Case remanded for further proceedings consistent with this opinion.

---

1. We do not suggest that the amount of time spent is the only—or even the most important—factor in granting an allowance. Cf. 3A Collier on Bankruptcy ¶ 62.29[6] (14th ed. 1971). But if the referee is to give it any weight, he should have the benefit of proper documentation.