In the Matter of INTERSTATE STORES, INC., formerly known as Interstate Department Stores, Inc., et al., Debtors.

Nos. 74 B 614–802 Inclusive.

United States District Court,
S. D. New York.

April 20, 1977.

1

Securities and Exchange Commission (Marvin E. Jacobs, Jerome Feller and Meryl E. Wiener, New York City, of counsel), party to the proceedings.

Shea, Gould, Climenko & Casey, New York City (Lester H. Yassky, Martin I. Shelton and Richard M. Goldstein, New York City, of counsel), special counsel to trustees.

---

OPINION

CANNELLA, District Judge:

The decision of Bankruptcy Judge Edward J. Ryan, dated June 25, 1976, granting interim compensation in this reorganization, is hereby affirmed in part and modified in part.

Pursuant to Section 241 of the Bankruptcy Act, 11 U.S.C. § 641,[1] Professor Joseph Crowley, the independent trustee, Shea, Gould, Climenko & Casey, general counsel to the trustees, and a number of special counsel to the trustees have applied for interim allowances in this Chapter X reorganization proceeding. Over the objection of the Securities and Exchange Commission ("SEC"), a party to the proceedings by vir-

---

1. § 641. Petitioning creditors; court officers; attorneys therefor

The judge may allow reimbursement for proper costs and expenses incurred by the petitioning creditors and reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred in a proceeding under this chapter—

(1) by a referee;

(2) by a special master;

(3) by the trustee and other officers, and the attorneys for any of them;

(4) by the attorney for the debtor; and

(5) by the attorney for the petitioning creditors.

Such compensation of referees and trustees shall not be governed by sections 68 and 76 of this title.

tue of Section 208 of the Bankruptcy Act, 11 U.S.C. § 608, Judge Ryan granted all fees and disbursements substantially as requested.[2] The SEC appeals from this decision.

*Application of the General Counsel*

On January 30, 1976 the law firm of Shea, Gould, Climenko & Casey ("Shea Gould") filed its initial application for an award of interim fees and reimbursement of disbursements as counsel to the trustees in the instant proceeding. In their application counsel asked for an allowance of $575,000 for the period of June 13, 1974 (the date the firm was retained as general counsel to the trustees) through November 30, 1975, and reimbursement for out-of-pocket expenses amounting to $33,717.26 for this period.

The application summarized the various services rendered by Shea Gould on behalf of the estate and stated that the firm's records show 9,670 hours of recorded time expended in rendering those services. Approximately 2,181 hours, or 23% of the time, was expended by partners of the firm; 6,942 hours, or 72% of the time, was expended by associates; and 547 hours, or 5% of the time, was logged by law clerks or paralegals. Thus, the $575,000 requested represents a mixed hourly rate of $59.46.

On February 11, 12 and 13 of 1976 (prior to the hearing on the fee application) SEC staff members examined Shea Gould's time records[3] and reported their opinion that only 78% of the claimed time is adequately detailed. Of the remaining 2,121 hours, 738 appear on counsel's records without any indication as to how the time was spent, and 1,383 hours were entered as having been spent engaged in "correspondence,"

"research," "Chapter X," "meetings," "filing," "miscellaneous," "memo," "calls," "Interstate," "files," and "general." Although no attack was made on the bona fides of the fee application, the SEC maintained that such time records form an inadequate basis upon which to award interim fees. The bankruptcy judge granted the fee application in full.

■ Although no provision for interim fees is made in the Bankruptcy Act, they have been consistently granted to alleviate economic hardship in protracted cases and assure the competent and efficient administration of the Chapter X estate. *E. g., In re Investors Funding Corp.,* 422 F.Supp. 461, 464–65 (S.D.N.Y.1976) (Bonsal, J.). In this regard the SEC does not argue that Shea Gould is not entitled to an interim allowance, but contends that the award allowed was higher than is appropriate under the circumstances.

■ The Second Circuit has warned that "any attorney who hopes to obtain an allowance from the court should keep accurate and current records of work done and time spent." *In re Hudson & Manhattan, R. R.,* 339 F.2d 114, 115 (2d Cir. 1964). Accurate records should be kept of both the amount of time spent and the manner in which it was spent. *In re Meade Land & Development Co., Inc.,* 527 F.2d 280 (3d Cir. 1975); *In re Orbit Liquor Store,* 439 F.2d 1351 (5th Cir. 1971) (semble). Adequate time records are essential to the court in carrying out its duty to determine how much work was productive or necessary, and how much work required treatment by experienced attorneys.[4] *In re Imperial "400" National, Inc.,* 432 F.2d 232 (3d Cir. 1970). For example, that counsel for the trustees performed services that were or

---

2. The lone exception is a reduction in the award granted the independent trustee from the $40,000 requested to $35,000.

3. Although there was some discussion below with respect to these time records, they were never submitted to the bankruptcy court and thus are not a part of the record on this appeal. Shea Gould, however, does not dispute the accuracy of the SEC's analysis of its time sheets.

4. In this regard it is worthy of note that the Shea Gould partners who have worked on the bankruptcy are the worst offenders when it comes to the time records; over 27% of their time is recorded with absolutely no indication of how the time was spent. With respect to all future applications for fees in this matter, the Court will require a more detailed account of the manner in which the billed time was spent.

could have been performed by the trustee is a factor to be taken into account, *In re General Economics Corp.*, 360 F.2d 762, 765 (2d Cir. 1966), and no compensation will be awarded for services that were unnecessary or wasteful. *In re Porto Rican American Tobacco Co.*, 117 F.2d 599, 601 (2d Cir. 1941); *In re Webb & Knapp, Inc.*, 363 F.Supp. 423, 426 (S.D.N.Y.1973) (Ward, J.). Similar considerations apply to fee awards in other areas. *See City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 471 (2d Cir. 1974).

In awarding as interim fees the total amount requested by counsel for the trustees, the bankruptcy judge gave full weight to the hours billed, even though over one-fifth of those hours were inadequately detailed regarding the manner in which they were spent. This was error.[5] It is not necessary for the court to know the exact number of minutes spent, the precise activity to which each hour was devoted or the specific attainments of each attorney; however, absent some fairly definite information as to the hours devoted to the various tasks, the court will be unable to determine the nature of the services for which compensation is sought.[6] *See, e. g., Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 167 (3d Cir. 1973). This is not an unreasonable burden, for if the bankruptcy judge finds that good cause exists for the absence of adequately detailed time reports, he may rely on some other basis for making the award. *In re Meade Land & Development Co., Inc.*, 527 F.2d 280, 283–84 (3d Cir. 1975). Moreover, a small number of inadequately detailed hours will be considered *de minimis,* and will not interfere with the award.

Keeping in mind the court's obligation to preserve the bankruptcy estate and the principle of "strict economy" contemplated by the Bankruptcy Act, *In re Imperial "400" National, Inc.*, 432 F.2d 232, 238 (3d Cir. 1970); *In re Webb & Knapp, Inc.*, 363 F.Supp. 423, 427 (S.D.N.Y.1973) (Ward, J.); *see also Callaghan v. Reconstruction Finance Corp.*, 297 U.S. 464, 469, 56 S.Ct. 519, 80 L.Ed. 804 (1936), the Court hereby finds that the award of interim fees to counsel for the trustees should be reduced from $575,000 to $525,000.

With respect to the disbursements allowed for meals, cab fares and overtime wages of nonlegal personnel, the Court finds that these are ordinary expenses incurred in the operation of a law firm and therefore not reimbursable as expenses in this Chapter X proceeding. With respect to the interim fees granted the independent trustee and special counsel to the trustee, and the allowance of copying costs, the Court finds the awards to be well within the discretion of the judge below; they are neither arbitrary nor capricious. The bankruptcy judge in this matter is fully familiar with the scope of the proceeding and the size and complexity of the estate involved. Moreover, he is most familiar with the quality and variety of the professional services rendered by appellees.

Accordingly, the law firm of Shea, Gould, Climenko & Casey is hereby awarded $525,000 in interim fees and reimbursement for disbursements in the amount of $21,803.76. The decision below is in all other respects affirmed.

SO ORDERED.

---

5. In so ruling the Court does not "suggest that the amount of time spent is the only—or even the most important—factor in granting an allowance. . . . But if the [judge] is to give it any weight, he should have the benefit of proper documentation." *In re Borgenicht*, 470 F.2d 283, 284 n. 1 (2d Cir. 1972) (citations omitted).

6. Counsel for the trustees thus misses the point when it argues that, because the SEC does not contest the accuracy of the time sheets, its objection to the fee award should be disregarded. Even in the absence of objection, the applicant must shoulder the burden of proving to the court not only the amount of time spent on a particular matter, but also that such services were necessary and not duplicative, that they were properly the function of the attorney and not the trustee, that large periods of time were not spent without commensurate accomplishment, and that routine matters were resolved economically. *See York Int'l Bldg., Inc. v. Chaney,* 527 F.2d 1061, 1068 (9th Cir. 1975); *In re Webb & Knapp, Inc.,* 363 F.Supp. 423, 427 (S.D.N.Y.1973) (Ward, J.). As indicated in the text of this Opinion, the Court cannot make such determination absent records indicating what activities were being pursued.