**In re DOYLE–LUNSTRA SALES CORPORATION, Emp. Id. # 46–0360280, No other name or trade name in the last six years, Debtor,**

**J. Bruce BLAKE, Applicant,**

**v.**

**William E. DOYLE and Roger W. Lunstra, Resistors.**

**Civ. 82–4016.**

United States District Court,
D. South Dakota, S. D.

April 26, 1982.

G. A. Bangs, of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, S. D., and Robert E. Hayes, of Davenport, Evans, Hurwitz & Smith, Sioux Falls, S. D., appeared on behalf of the resistors.

## MEMORANDUM DECISION AND ORDER

NICHOL, Senior District Judge.

The resistors, William E. Doyle and Roger W. Lunstra, appeal from the Order of the Bankruptcy Court for the District of South Dakota[1] entered in this case on December 17, 1981, granting to the applicant attorney, J. Bruce Blake, interim compensation in the sum of $21,091.70. By letter dated February 2, 1982, the District Court, pursuant to Rule 15(D) of the Local Bank-

ruptcy Rules[2], requested that each party submit written briefs. On February 16, 1982, Attorney Bangs telephoned this Court and requested an extension of time in which to file his brief. The Court granted an additional ten days. Resistors' brief was filed on February 16, 1982. Applicant then had ten days within which to file his brief. To date the Court has not received a brief from applicant, nor has applicant requested an extension of time within which to file his brief.

The first question which must be addressed is whether this court has jurisdiction to hear such an appeal. In a recent decision the Tenth Circuit Court of Appeals held that appeals of interim compensation awards are interlocutory and that circuit courts of appeals are without jurisdiction to hear such cases. *In re William S. Callister [William S. Callister v. Ingersoll-Rand Financial Corp.]*, 673 F.2d 305, 307 (10th Cir. 1982). The district court would also be without appellate jurisdiction but for 28 U.S.C. section 1334(b). That section provides in pertinent part that district courts "shall have jurisdiction of appeals from interlocutory orders and decrees of bankruptcy courts, but only by leave of the district court to which the appeal is taken." While no party has requested leave of court to proceed with the present appeal, the serious nature of the questions presented on appeal has persuaded the court to grant such leave *sua sponte.*

There is no doubt that upon a proper showing a debtor's attorney may be granted an award of interim compensation. 11 U.S.C. section 331 so provides. The factors that the court must consider when making an award of interim compensation under 11 U.S.C. section 331 are found in 11 U.S.C. section 330(b). Interim compensation awards should be "based on the time, the

---

1. The Honorable Peder K. Ecker, Bankruptcy Judge, presiding.

2. Local Rule 15(D) provides: The filing of written briefs is excused and dispensed with unless otherwise requested by the Court, in which case, the parties petitioning for review shall file with the District Judge within twenty (20) days from the date of the filing of the certificate of review by the Bankruptcy Judge, two copies of

a written brief, and the opposing party or parties to the review shall file with the District Judge, within fifteen (15) days from the receipt of service of the petitioner's brief, two copies of his or their brief. Each party shall serve a copy of his brief on the opposing party at the time of filing same with the District Judge. The date and the manner of service thereof shall be certified on the original brief.

nature, the extent, and the value of such services and the cost of comparable services other than in a case" under the bankruptcy code.

■ In *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), the Fifth Circuit Court of Appeals enumerated twelve factors[3] that courts should consider when determining the amount of attorney's fees to award in a Title VII case. The Eighth Circuit Court of Appeals announced its approval of those twelve factors in *Cleverly v. Western Electric Co.*, 594 F.2d 638, 642 (8th Cir. 1979). Although *Cleverly* involved a suit brought under the Age Discrimination in Employment Act of 1967, 29 U.S.C. sections 621 *et seq.*, the guidelines approved therein are equally useful whenever the award of reasonable attorney's fees is authorized by statute. *See Miller v. Mackey International, Inc.*, 515 F.2d 241, 242 (5th Cir. 1975) (federal securities); *Ward v. Kelly*, 515 F.2d 908, 912 (5th Cir. 1975) (school desegregation); *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976) (labor). The factors originally announced in *Johnson* have also been applied to determine reasonable attorney's fee awards in bankruptcy cases. *See In re First Colonial Corp. of America. American Benefit Life Insurance Co. v. Baddock*, 544 F.2d 1291, 1298–99 (5th Cir. 1977), *cert. denied* 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388; *Jacobowitz v. Double Seven Corp.*, 378 F.2d 405, 408 (9th Cir. 1967); *In re James Calvin Belk Construction Co.*, 11 B.R. 56, 58–60 (Bkrtcy., N.D. Miss.1981); *In re Garland Corp.*, 8 B.R. 826, 831 (Bkrtcy., D.Mass.1981); *In re Foster Iron Works, Inc.*, 3 B.R. 715, 717 (D.C., S.D.Tex.1980).

■ Any attempt to determine a reasonable attorney fee must at least begin with a consideration of the hours of service expended by counsel.

"(a)n analytical approach, grounded in the number of hours expended on the case, will take into account all the relevant factors, and will lead to a reasonable result. The number of hours of work will automatically reflect the 'time and labor involved,' 'the novelty and difficulty of the question,' and 'preclusion of other employment.' The attorney's normal hourly billing rate 'the skill requisite to perform the legal services properly,' 'the customary fee,' and the 'experience, reputation and ability of the attorney.'"

*Northcross v. Board of Education of Memphis City Schools*, 611 F.2d 624, 642 (9th Cir. 1979). Likewise, any attempt to determine the hours of service expended by counsel should be based upon accurate records of both the amount of time spent and the manner in which it was spent. *In re Meade Land & Development Co.*, 527 F.2d 280, 283 (3d Cir. 1975); *In re Orbit Liquor Store*, 439 F.2d 1351, 1353 (5th Cir. 1971).

Adequate time records are essential to the court in carrying out its duty to determine how much work was productive or necessary, and how much work required treatment by experienced attorneys. . . .

*In the Matter of Interstate Stores, Inc.*, 437 F.Supp. 14, 16 (S.D.N.Y.1977). *See also In the Matter of Beverly Crest Convalescent Hospital, Inc.*, 548 F.2d 817, 820 (9th Cir. 1976); *In re Hudson & Manhattan Railroad Co.*, 339 F.2d 114, 115 (2d Cir. 1964).

In the present case applicant Blake submitted an itemized bill for services performed consisting of 340.5 hours of his time billed at an hourly rate of $80.00 per hour and 13.5 hours attributable to a certified legal assistant which time was billed at an hourly rate of $40.00 per hour.[4] Of Mr.

---

**3.** The twelve factors are: (1) The time and labor required; (2) The novelty and difficulty of the questions; (3) The skill requisite to perform the legal service properly; (4) The preclusion of other employment by the attorney due to acceptance of the case; (5) The customary fee; (6) Whether the fee is fixed or contingent; (7) Time limitations imposed by the client or other circumstances; (8) The amount involved and the results obtained; (9) The experience, reputation, and ability of the attorney; (10) The "undesireability" of the case; (11) The nature and length of the professional relationship with the client; (12) Awards in similar cases. *Johnson, supra*, 488 F.2d at 717–19.

**4.** The Court notes that the hourly rate at which Mr. Blake charges for paralegal is twice that

Blake's 340.5 hours, 147.2 hours were devoted to correspondence and 28.4 hours were devoted to telephone calls. After reviewing records submitted by the applicant it is obvious to the court that Mr. Blake charges a uniform rate of ⁴⁄₁₀s of an hour for writing a letter and ²⁄₁₀s of an hour for phone calls. Toll calls are usually billed at ³⁄₁₀s of an hour. Also with regard to the telephone calls, it appears that Mr. Blake would bill a longer period of time for longer calls. This he did on at least five separate occasions. Again with regard to phone calls, the Court notes that when applicant would call attorney Burke, applicant would make the usual charge of ²⁄₁₀s of an hour, while attorney Burke billed only ¹⁄₁₀ of an hour for the same phone call.

Other possible irregularities appear with regard to applicant's practice of billing for correspondence. Frequently in applicant's records references would be made to the drafting and preparation of pleadings, motions, orders and stipulations. Thereafter would be entries for correspondence, creating the inference that applicant often bills ⁴⁄₁₀s of an hour for writing relatively simple cover letters. Other correspondence entries involve series of up to nine letters in a single entry. Once again an inference can be drawn that applicant charges ⁴⁄₁₀s of an hour for providing copies of correspondence to the various parties. Of course such inferences drawn from applicant's records are not conclusive evidence of any billing irregularities. Yet, in the absence of any brief or other response on behalf of the applicant, such inferences do not help establish the reasonableness of applicant's request for interim compensation.

■■ The Bankruptcy Judge had an opportunity to review the relevant records in this case and found "that the services for which application is requested were actual, necessary services rendered by" the applicant. The Bankruptcy Judge considered "such services based upon the time, the nature, the extent, and the value of the same to the debtor, and the Court further

... considered the cost of comparable services in a non-bankruptcy case" and determined that the application for first interim compensation was reasonable. In determining whether the award constitutes reasonable compensation for the services performed by the applicant, this Court notes that the findings of Bankruptcy Court are to be accepted unless found to be clearly erroneous. *In re Colonial Services Co.*, 480 F.2d 747, 748 (8th Cir. 1973); *Solari Furs v. United States*, 436 F.2d 683, 684 (8th Cir. 1971); *In re Carter [Carter v. Woods]*, 433 F.Supp. 291, 294 (W.D.Mo.1977); *In re Aaron Ferer & Sons Co.*, 427 F.Supp. 350, 352 (D.Neb.1977). Findings are clearly erroneous "when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *In re Moyer [Krings v. Moyer]*, 13 B.R. 436, 437 (D.C., W.D.Mo.1981) *citing United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948); *Matter of Perimeter Park Investment Associates, Ltd.*, 616 F.2d 150, 151 (5th Cir. 1980).

■ The Court has reviewed the entire evidence presented to the Bankruptcy Court on this matter and is left with a definite and firm conviction that a mistake has been made. Approximately one-half of applicant's itemized time was spent in correspondence and telephone conversations. Furthermore, applicant's itemization of this time was based upon an arbitrarily assigned figure. Applicant's itemization of the phone calls and correspondence does not reveal the nature and substance of any of the telephone calls or correspondence. Also a great deal of applicant's time was spent in some kind of conferences with various parties to several of the lawsuits surrounding the Doyle-Lunstra Sales Corporation bankruptcy. Again, applicant's itemization does not specify the nature and substance of those conferences.

which an attorney may receive for representation of indigent persons under the Criminal

Justice Act.

Many of the services provided seem largely routine and ministerial. Such services should be compensated at a lower rate than truly legal services, irrespective of the experience and competency of the attorney who performs them.

> (w)ithin the purely legal classification, there are different classifications, having to do with relative difficulty, complexity and degree of legal applications. For instance, litigation, research, preparation of settlements, agreements, documents, seem to this court to require a greater degree of legal talents or specialization and to be of greater value to the estate than conferences with debtor's representatives and other parties, actions of pacification of creditors, letters and telephone responses to inquiries of parties of interest, reporting and informational services to creditors and the court, routine review of claims and supportive legal documents, and other routine almost quasi or paralegal services performed, however, by the attorney for the trustee. Such latter type "legal" services, likewise, should in the view of this court, carry a lower price-tag than the former type "legal" services, although both are performed by the same attorney . . . .

*Matter of Hamilton Hardware Co.*, 11 B.R. 326, 331 (Bkrtcy., E.D.Mich.1981) *citing In the Matter of Piedmont Development & Investment Corp.*, 3 B.C.D. 97, 101 (N.D.Ga. 1976).

Because applicant's correspondence and telephone time records do not reflect the nature and substance of the legal work involved and because applicant's time records are based upon arbitrarily assigned figures rather than an accurate account of the time necessarily spent and because applicant has not presented to this court any brief or argument in support of the Bankruptcy Court's award of interim compensation and in light of the $9747.30 retainer already paid to the applicant, the Court hereby disallows $14,032.00 in fees paid to the applicant and orders applicant to repay that sum to the bankruptcy estate of Doyle-Lunstra Sales Corporation.

■ One additional matter remains. That is applicant's disregard of this Court's request for written briefs. Such conduct is unbecoming of any professional admitted to practice before the federal bar. Accordingly, the costs associated with this appeal shall be taxed against the applicant/appellee.