COHEN & THIROS, P.C.,
Plaintiff-Appellant,

v.

KEEN ENTERPRISES, INC.,
Defendant-Appellee.

Civ. No. H 84–110.
Bankruptcy No. HB 79–5.

United States District Court,
N.D. Indiana,
Hammond Division.

Nov. 28, 1984.

Max Cohen, Cohen & Thiros, Merrillville, Ind., for plaintiff-appellant.

William H. O'Toole, Portage, Ind., for defendant-appellee.

## ORDER

MOODY, District Judge.

This matter is before the Court on appeal of the bankruptcy court's decision that appellant Cohen & Thiros is not entitled to additional compensation for legal services rendered to Keen Enterprises Inc., the appellee. The appellant's brief was filed on March 23, 1984. The appellee filed its brief on April 25, 1984. The judgment of the United States Bankruptcy .Court for the Northern District of Indiana is AFFIRMED.

## FACTS

The appellant was hired by Keen Enterprises ("Keen") to process its Chapter 11 proceeding. Attorneys Cohen and Capp worked toward this end for approximately seven months, at which time Keen decided to instead file a Ch. 7 bankruptcy proceeding. Cohen & Thiros continued to actively

work on the bankruptcy for about four months. The firm had received $9000.00 in fees when it filed a petition with the bankruptcy court on September 19, 1979 for an additional $15,750.00.

In winding up the debtor's estate, on November 23, 1982, the bankruptcy court held, sua sponte, that the appellant's proof of claim was insufficient. The appellant filed a more detailed affidavit on December 7, 1982, but that affidavit was also found insufficient because it did not specify which attorney did the work claimed. On March 22, 1983, the appellant filed a third petition for attorneys' fees and a hearing was held thereon on August 19, 1983. The bankruptcy court entered an order on September 2, 1983, requiring the appellant to file a brief discussing the standards for allowing fees in Chapter 11 proceedings. No brief was filed. On December 14, 1983, the bankruptcy court entered an order denying the additional compensation. The appellant seeks review of that order.

## JURISDICTION

■ The authority of the district court to review a decision of the bankruptcy court is governed by Bankruptcy Rule 810. That Rule provides that a district court sits as an appellate tribunal and has the power to affirm, reverse, or modify the bankruptcy court's ruling, or to remand the case for further proceedings. Because the district court performs an appellate function, it is bound to accept the bankruptcy court's findings of fact unless they are "clearly erroneous." *In re McCombs*, 33 B.R. 387, 388 (E.D.Mo.1983). However, the district court is not so restricted in reviewing the bankruptcy court's interpretations of law. *Hunter Savings Association v. Baggot Law Offices Co., L.P.A.*, 34 B.R. 368, 374 (S.D. Ohio 1983).

## LEGAL STANDARDS

The appellant's brief charges that the bankruptcy court prejudged the appellant's fee petition, ignored the facts presented in the petition and at the fee hearing, and failed to properly apply the appropriate legal standard to the facts. The standard adopted by the bankruptcy court is not in dispute.[1] Therefore, our review is limited to the question of whether the bankruptcy judge abused his discretion by denying the additional fees requested by Cohen & Thiros. *McCombs*, 33 B.R. at 388.

■ Abuse of discretion in determining compensation for bankruptcy proceedings occurs when the bankruptcy judge fails to apply the proper legal standard and bases an award on findings that are clearly erroneous. *In re U.S. Golf Corp.*, 639 F.2d 1197, 1201 (5th Cir.1981). Findings are clearly erroneous "when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *In re Doyle-Lunstra Sales Corp.*, 19 B.R. 1003, 1006 (D.S.D.1982); *see also United States v. U.S. Gypsum*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948).

## DISCUSSION

At the time the Keen bankruptcy petition was filed, award of legal fees was governed by Bankruptcy Rule 219. The rule provides that

the compensation allowable by the court to a trustee, receiver, marshal, attorney, accountant, or other person entitled to compensation for services rendered in the administration of a bankrupt estate shall be reasonable ...

Bankr.Ct.R.P. 219(c)(1).

As Rule 219(c)(3) further states that "compensation may be allowed an attorney or an accountant only for professional services,"

---

1. As noted by the parties and the court below, the proper legal standard for determining what is reasonable compensation is found in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir.1974). Although *Johnson* addresses the adequacy of attorneys' fees awarded in discrimina-

tion suits, many bankruptcy decisions have adopted its analytical framework. *See In re Doyle-Lunstra Sales Corp.*, 19 B.R. 1003, 1005 (D.S.D.1982); *In re First Colonial Corp.*, 544 F.2d 1291 (5th Cir.1977).

the bankruptcy court must also determine whether the work performed for the bankrupt's estate was a "professional service." Courts have applied this rule to allow attorneys compensation only for legal services. *In re Meade Land Development Co.*, 527 F.2d 280, 284 (3d Cir.1975). Non-legal work is not compensated at high legal rates, and ministerial legal work is compensated at rates lower than truly legal service. *In re Piedmont Development and Investment Corp.*, 3 Bankr.Ct.Dec. 97, 101 (N.D.Ga.1976).

■ These rules are designed to preserve the debtor's money for the bankrupt's creditors. In bankruptcy cases, fees are not a matter for purely private agreement between the debtor and his attorney because every dollar paid to the debtor's attorney correspondingly depletes the fund available to creditors. *See generally In re Erewhon*, 21 B.R. 79, 81 (D.Mass.1982). The bankruptcy court is charged with this responsibility because it alone can act as a disinterested arbiter. As one court explained

> [t]he debtor, harassed by creditors and envisioning the ultimate demise of his business, in desperation files a Chapter 11 proceeding. With the aid of his attorney he is able to submit a plan which creditors accept and which is confirmed by the court. Not only is the debtor in no position to make an objective judgment as to the value of the legal services involved but he also has no inclination to object to whatever fee is requested by the attorney who has made it possible for him to continue business.

*In re Hamilton Hardware Co.*, 11 B.R. 326, 329–30 (E.D.Mich.1981).

■ To enable this close review, it is essential that an attorney present a detailed and accurate record of time spent working on the bankruptcy proceeding. *See In re Garland Corp.*, 8 B.R. 826, 837 (D.Mass.1981). The records must reveal not only the duration but also the substance of the activity. *In re Interstate Stores, Inc.*, 437 F.Supp. 14, 16 (S.D.N.Y. 1977). Thus, records listing phone calls and letters received, research performed, and meetings attended, without more, are insufficient to support an award of attorney's fees. *Doyle-Lunstra*, 19 B.R. at 1007. Compensation is also withheld where fee petitions lump services together into one general category with a single charge, since it is impossible in such a case for the court to determine how much time to allot to those services which are properly compensable. *In re Nation/Ruskin, Inc.*, 22 B.R. 207, 210 (E.D.Penn.1982). In short, an acceptable fee petition will list each activity, its date, the attorney performing the work, a specific description of the subject matter, and the time spent on the activity. *Id.* at 211.

■ The bankruptcy court below gave the appellant numerous opportunities to submit an adequate fee petition; the petition at issue here is the third submitted by Cohen & Thiros. The first petition was rightly found inadequate because it was not an itemized statement of the services rendered. The second was held inadequate because it failed to identify the attorney who provided each service. The third petition was held insufficient because "[d]ue to counsel's cryptic itemization of services, it is not possible to ascertain the hours spent by counsel on business matters for which they seek compensation at high legal rates." Order of Bankruptcy Court, December 14, 1983, at page 2. The record reveals adequate grounds for finding the appellant's third fee petition insufficient.

First, the appellant admitted at the fee hearing that it had "reconstructed" the petition because the original records were unavailable. Transcript at pp. 10–11. The appellant explained that its files were turned over to the appellee's new attorney at the appellee's request. It further explained that it did not retain its time sheets because no one had challenged the original fee petition.

These assertions do not negate the court's need for accurate and detailed time records. Common sense and the case law suggest that attorneys are foolish to dispose of their records before they receive

their compensation. *See generally In re Interstate Stores, Inc.*, 437 F.Supp. 14 (S.D.N.Y.1977). The validity of these charges was challenged at the hearing; the appellees stated that they in fact attended only a few meetings and did not recall too many phone conferences. The appellant's petition is naturally less credible because it was admittedly "reconstructed".

In addition to its ex post facto quality, the petition does not adequately describe the services performed. For instance, of the 330 hours charged by the appellant, about 17 were explained as "conference with clients." It is impossible to judge the value of such conferences without knowing their nature. Another 17 hours were explained merely as conferences with clients and some other named party. Yet another 44 hours were charged where client conferences were lumped with other activities, making it impossible to determine the number of hours spent on the conferences. Of the approximately 100 hours charged as client conferences, only 21 hours listed the nature of the conference.

The petition improperly groups other charges for services, making it impossible to determine the nature of the service, the time spent on the service, and the service's compensability. For instance, the appellant supported charges for 52 hours with the following information:

| Attorney(s) | Date | Description |
|---|---|---|
| David Capp | 12/22 to 12/31/78 | Review all books and records of clients, numerous phone calls with clients, preparation of original petition and schedules |

Such a vague description does not comport with the standards of specificity required by the law. *Nation/Ruskin*, 22 B.R. at 210.

Because the appellants offered inadequate descriptions of their activities, the bankruptcy court had reason to doubt that every hour charged by the appellant was properly compensable at high legal rates, or even at all. For example, the petition

charges about 14 hours for filing documents.[2] It does not differentiate these charges from the others in the petition, and so seeks the same compensation for these ministerial acts as for truly legal service. The appellant did the same for time spent photocopying. Such a practice does not comport with the legal standard for fee petitions. *Piedmont*, 3 Bankr.Ct.Dec. at 101.

Further, as the bankruptcy court pointed out in its memorandum decision of December 14, 1983, the appellant sought to charge legal fees for negotiations with Hallmark Cards. This is a business-related activity and is not properly compensable to an attorney under Rule 219. *See Meade*, 527 F.2d at 285. It is properly the job of the debtor-in-possession.

These examples suggest that other non-compensable activities may appear in the petition yet escape unnoticed because of the petition's lack of specificity. This is precisely the dilemma which the *Meade* case seeks to avoid. Had the appellant presented an adequate record of how its time was spent, the court could scrutinize the charge and allow appropriate claims. No court could fairly make such determinations given the appellant's third petition.

■ As a final point, the appellant found it remarkable that the bankruptcy court challenged the adequacy of the original petition *sua sponte*, and repeatedly required more information in support of the fees requested. The appellant intimates that this shows abuse of discretion. We cannot agree. As stated above, the bankruptcy court sits as a guardian of the funds available to creditors. It is not an abuse of discretion for the court to thoroughly examine fee petitions. Indeed, it could be an abuse of discretion to fail to challenge an insufficient petition: "It is the [bankruptcy] court's independent obligation to give credit only where there are ... supporting documents, even in cases where no inter-

2. It is difficult to determine exactly how much time was spent filing because some charges were lumped with other activities.

ested parties raise objections to the claim."
*Meade,* 527 F.2d at 284 (3d Cir.1975).

We have considered the appellant's other claims of prejudice and have found them unconvincing.

## CONCLUSION

Because the appellant benefited the bankrupt estate, the appellant is entitled to some compensation. Absent specific records, however, it was not an abuse of discretion for the bankruptcy court to limit compensation to that already obtained. It is therefore ORDERED that the judgment of the bankruptcy court is AFFIRMED and the clerk of this court is directed to enter judgment accordingly.