### In re YANKEE SEAFOOD CORPORATION, Bankrupt.

### Bankruptcy No. 76–123.

United States Bankruptcy Court, D.Rhode Island.

Sept. 13, 1985.

## DECISION ON APPLICATIONS FOR ALLOWANCE

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Before the Court are applications for compensation filed by Norman G. Orodenker, Esq., of the firm of Licht & Semonoff, and Thomas Rosenfield, Esq., of the firm of Rustigian & Rosenfield, for services rendered as co-counsel to the official Creditors' Committee. The applicants request $10,080 plus costs, for services performed from May 3, 1976 through October 19, 1976. They tell us that substantial time was expended as co-counsel for the Creditors' Committee, and that they rendered legal services which were "highly beneficial to the within estate" and which contributed directly to "the consummation of a Plan of Arrangement bringing to the creditors and stockholders a far better return on the obligations owed ... than could otherwise be anticipated." Based on the record, we must conclude that these representations are groundless and, at best, inaccurate.

To begin with, the claim of substantial achievement or favorable result for creditors is puzzling, since the total assets ($10,500) are not sufficient to pay administrative expenses, let alone $400,000 in claims by general creditors who will receive nothing. In addition, the attorney for the debtor, who has billable time of $24,000, will be compensated for but a fraction of his effort, all of which, incidentally, appears to have been reasonable.

Because this is a nominal asset case, the issue of the value of services performed by the applicants is quite moot. Nonetheless, pursuant to our obligation to review all applications, *see Blake v. Doyle (In re Doyle-Lunstra Sales Corp.),* 19 B.R. 1003 (D.S.D.1982), and after examining the nature of the services allegedly performed, we fail to see where co-counsel's activities were "highly beneficial" to the estate, as alleged, or of any benefit whatsoever.

In this case, we are compelled to point out that courts may not allow double compensation for the same services, where attorneys are acting jointly in the same capacity, *see In re Potter's Gasoline Distribution, Inc.,* 41 B.R. 771 (Bankr.D.R.I. 1984); *In re Sapolin Paints, Inc.,* 38 B.R. 807, 11 B.C.D. 875 (Bankr.E.D.N.Y.1984); *In re Crutcher Transfer Line, Inc.,* 20 B.R. 705 (Bankr.W.D.Ky.1982), and that it is the court's responsibility to refuse compensation for excessive, unnecessary, or duplicative hours. *See In re Liberal Market, Inc.,* 24 B.R. 653 (Bankr.S.D.Ohio 1982). It is clear, based on the time and nature of services described in each application, that counsel have engaged in unnecessary and unproductive duplication to a degree seldom seen here. The following entries from their respective applications, although not complete, illustrate the point.

| Orodenker | | Rosenfield | |
|---|---|---|---|
| 4/16/76 | Attend meeting of informal Creditor's Committee at Galilee; review petitions | 4/16/76 | Attend meeting of informal Creditor's Committee at Galilee; review petitions |
| 4/26/76 | Review schedules; attend informal meeting of creditors; attend first meeting of creditors at Bankruptcy Court; letter to Creditor's Commit- | 4/26/76 | Review schedules; attend informal meeting of creditors; attend first meeting of creditors at Bankruptcy Court; letter to Creditor's Commit- |

tee; prepare Election Sheet re Creditor's Committee

5/3/76 Attend meeting of creditors; letter to creditors and proof forms; letter to Marvin Brill; talked with various creditors

5/20/76 Attend Creditor's Committee meeting; talked with Marvin Brill; review balance sheet

5/21/76 Talked with creditors re meeting of Creditor's Committee

5/25/76 Attend meeting of Creditor's Committee

5/26/76 Attend continued meeting of Creditor's Committee; conference with secured creditors

5/27/76 Talked with Bradford Gorham, Mr. Allen and Lloyd Rustigan; talked with Marvin Brill re Clamex

5/28/76 Talked with Marvin Brill; talked with members of Creditor's committee

6/1/76 Conference with counsel; attend adjourned first meeting of Creditor's Committee

6/15/76 Talked with Marvin Brill re Order; talked with Anthony Vacca

6/24/76 Talked with Narragansett Electric and Marvin Brill; attend Creditor's Committee meeting; talked with Bankruptcy Court; talked with Brian Grimes

6/25/76 Talked with Bankruptcy Court; talked with Tom Rosenfield and Marvin Brill; letter to all members of Creditor's Committee

7/6/76 Talked with Al Factor re stockholders

7/8/76 Attend meeting of Creditor's Committee; talked with Mr. Grimes, Mr. Gershkoff and Mr. Wheelock

7/20/76 Talked with Marvin Brill

7/22/76 Attend meeting of Creditor's Committee; attend court hearing; conference with Marvin Brill; talked with Narragansett Electric and Marvin Brill

7/28/76 Talked with Lloyd Rustigian

8/10/76 Attend meeting of Creditor's Committee at Bankruptcy Court

tee; prepare Election Sheet re Creditor's Committee

5/3/76 Attend meeting of creditors; letter to creditors and proof forms; letter to Marvin Brill; talked with various creditors

5/20/76 Attend Creditor's Committee meeting; talked with Marvin Brill; review balance sheet

5/21/76 Talked with creditors re meeting of Creditor's Committee

5/25/76 Attend meeting of Creditor's Committee

5/26/76 Attend continued meeting of Creditor's Committee; conference with secured creditors

5/27/76 Conference with Marvin Brill, Esquire and Lloyd Rustigian re: Clamex

5/28/76 Talked with Marvin Brill; talked with members of Creditor's committee

6/1/76 Conference with counsel; attend adjourned first meeting of Creditor's Committee

6/15/76 Talked with Marvin Brill re Order; talked with Anthony Vacca

6/24/76 Talked with Narragansett Electric and Marvin Brill; attend Creditor's Committee meeting; talked with Bankruptcy Court; talked with Brian Grimes

6/25/76 Talked with Bankruptcy Court; talked with Norman Orodenker and Marvin Brill; letter to all members of Creditor's Committee

7/6/76 Talked with Al Factor re stockholders

7/8/76 Attend meeting of Creditor's Committee; talked with Mr. Grimes, Mr. Gershkoff and Mr. Wheelock

7/20/76 Talked with Marvin Brill

7/22/76 Attend meeting of Creditor's Committee; attend court hearing; conference with Marvin Brill; talked with Narragansett Electric and Marvin Brill

7/28/76 Talked with Lloyd Rustigian

8/10/76 Attend meeting of Creditor's Committee at Bankruptcy Court

| | |
|---|---|
| 8/16/76 | Talked with Mr. Legare; conference with Mr. Legare |
| 8/17/76 | Talked with Mr. Legare and Marvin Brill |
| 8/19/76 | Talked with Mr. Legare; conference with Bankruptcy Judge; attend hearing |
| 8/26/76 | Sent copy of Greenwich Report to all members of Creditor's Committee; review same; talked with Marvin Brill and Narragansett Electric; conference with Mr. Legare and Mr. Wehr; conference with Judge; revise Clamex Order; attend continued first meeting |
| 9/9/76 | Attend court hearing and conferences |
| 9/17/76 | Talked with Marvin Brill and Mr. Wehr |
| 9/23/76 | Talked with Tom Rosenfield |
| 9/27/76 | Letter and Decree re Hobart from Marvin Brill |
| 9/29/76 | Talked with Tom Rosenfield |
| 10/1/76 | Talked with Tom Rosenfield and creditors; letter to all members of Creditor's Committee |
| 10/7/76 | Attend meeting of Creditor's Committee; talked with Marvin Brill |
| 10/15/76 | Talked with Mr. Legare; talked with bank representative; attend meeting with purchasers and Mr. Legare |

| | |
|---|---|
| 8/16/76 | Talked with Mr. Legare; conference with Mr. Legare |
| 8/17/76 | Talked with Mr. Legare |
| 8/19/76 | Talked with Mr. Legare; conference with Bankruptcy Judge; attend hearing |
| 8/26/76 | Review Greenwich Report; talked with Marvin Brill and Narragansett Electric; conference with Mr. Legare and Mr. Wehr; conference with Judge; review Clamex Order; attend continued first meeting |
| 9/9/76 | Attend court hearing and conferences |
| 9/17/76 | Talked with Marvin Brill and Mr. Wehr |
| 9/23/76 | Talked with Norm Orodenker |
| 9/27/76 | Letter and Decree re Hobart from Marvin Brill |
| 9/29/76 | Talked with Norman Orodenker |
| 10/1/76 | Talked with Norman Orodenker and creditors; letter to all members of Creditor's Committee |
| 10/7/76 | Attend meeting of Creditor's Committee; talked with Marvin Brill |
| 10/15/76 | Talked with Mr. Legare; talked with bank representative; attend meeting with purchasers and Mr. Legare |

In the application to employ co-counsel we are told that the retention of two attorneys was necessary because the "contemplated proceeding required substantial negotiation, conferences and documentation with proposed investors." Application to Employ Co-Counsel For Creditors' Committee, paragraph 4, dated May 6, 1976. It appears, at least in hindsight, that there was little that one attorney, much less two, needed to do or did do to protect or enhance the interests of creditors, and whatever litigation was necessary was handled exclusively by debtor's counsel, anyway. The activities of the applicants served mostly to keep themselves abreast of what Mr. Brill was doing, and we fail to see where the estate derived any benefit from the services rendered by either applicant.

As the people interested should be aware, we review every application in every case (regardless of size) carefully, and expect officers of this Court to do the same before causing applications to be filed. Boilerplate pleadings usually assist no one, and as evidenced here, may be quite counter-productive, considering counsel's representations that they contributed to "the consummation of a plan ... bringing to the creditors and stockholders a far better return ... than could otherwise be anticipated." In this case, no plan was ever con-

firmed, creditors and shareholders received no return, and ultimately, after numerous continuances of the originally scheduled October 26, 1976 hearing, the case was converted on April 9, 1985 to one under Chapter 7, with creditors' claims in excess of $420,000 left unpaid. Accordingly, the applications for services in question are denied entirely. The request for costs in the amount of $103 is disallowed since it is unsupported and undocumented.