**The BOLEMAN LAW FIRM, P.C., Appellant,**

v.

**UNITED STATES TRUSTEE, Appellee.**

No. 3:06CV447.

United States District Court, E.D. Virginia.

Nov. 28, 2006.

---

L. Lee Byrd, Sands Anderson Marks & Miller PC, Charles Thomas Ebel, Sands Anderson Marks & Miller PC, Jeffrey Hamilton Geiger, Sands Anderson Marks & Miller PC, William Alan Gray, Sands Anderson Marks & Miller PC, Richmond, VA, for Boleman Law Firm, P.C., The, Appellant.

John R. Byrnes, Office of the U.S. Trustee, Robert Breen Van Arsdale, Office of the U.S. Trustee, Richmond, VA, for United States Trustee, Appellee.

### MEMORANDUM OPINION AND ORDER

SPENCER, Chief Judge.

The Boleman Law Firm ("Boleman Firm") appeals the Bankruptcy Court's Order entered on April 27, 2006, denying its request for supplemental fees and costs. The Court heard argument on November 13, 2006, and the matter is now ripe for decision. For the reasons stated below, the Bankruptcy Court's Order is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.

### I.

The Boleman Firm, which is headquartered in Richmond, Virginia, provides bankruptcy services to consumer debtors.[1]

---

1. The facts of this case have been adequately discussed in the Bankruptcy Court's opinion, *In re Vernon–Williams,* 343 B.R. 766 (Bankr.

Between March 21, 2005, and June 22, 2005, the Boleman Firm submitted 133 supplemental fee and cost applications in bankruptcy cases it had filed on behalf of clients under Chapter 13 of the United States Bankruptcy Code. On September 30, 2005, the United States Trustee ("UST") filed the First Omnibus Objection of the United States Trustee to Supplemental Fee Applications of the Boleman Law Firm ("Omnibus Objection") in the 133 cases. Specifically, the UST objected to the Boleman Firm's use of "minimums" to calculate the time spent on a Chapter 13 client's case.

After a two-day trial of eleven of the 133 cases, the Bankruptcy Court concluded that the minimums utilized by the Boleman Firm are little more than estimates in disguise and held that actual contemporaneous time records are required when submitting supplemental fee applications. On that basis, the Bankruptcy Court denied all eleven of the Boleman Firm's supplemental fee applications. This appeal followed.

The Boleman firm assigns error to the Bankruptcy Court's: (i) denial of its Motion to Quash/Overrule Omnibus Objection; (ii) disallowance of Bruce Matson, Esq.'s proffered expert testimony; (iii) holding that traditional contemporaneous time records must be present before the Court can begin the lodestar analysis; and, (iv) denial of its supplemental fee applications.

## II.

 Federal Rule of Bankruptcy Procedure 8013 provides that a district court may "affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact … shall not be set aside unless clearly erroneous,

E.D.Va.2006), and will only be briefly ad-

and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." A bankruptcy court's conclusions of law are subject to *de novo* review, *In re Official Comm. of Unsecured for Dornier Aviation (N. Am.), Inc.,* 453 F.3d 225, 231 (4th Cir.2006), and its decision to disallow expert testimony is subject to an abuse of discretion standard, *see Westberry v. Gislaved Gummi AB,* 178 F.3d 257, 261 (4th Cir.1999).

## III.

### A. Omnibus Objection

 The Boleman Firm assigns error to the Bankruptcy Court's denial of its Motion to Quash/Overrule Omnibus Objection because the objection was not filed within 10 days of the UST's receipt of the "Notice of Hearing" as required by Local Bankruptcy Rule 2016–1(C). It is well established that "[e]ven in the absence of an objection, the Court has an independent duty to investigate the reasonableness of compensation." *In re Great Sweats, Inc.,* 113 B.R. 240, 242 (Bankr.E.D.Va.1990). When undertaking this duty, the Bankruptcy Court is aided by the UST, which "offers some solace pursuant to its responsibility under 28 U.S.C. § 586(a)(3)(A) …." *Id.*

Considering that "the ultimate responsibility [to review fee applications] lies with the Court," the Bankruptcy Court did not err in denying the Boleman Firm's Motion. *Id.* The Bankruptcy Court determined that given the nature of the allegations, precluding the UST's participation in the case would "hinder the administration of justice rather than enhance it." (Mot. to Overrule Omnibus Objection Hr'g Tr. 42, Dec. 16, 2005.) Even if the Bankruptcy Court had decided to overrule the UST's Omnibus

dressed here.

Objection, it could not "simply ... turn [its] back and pretend [the] allegations ... are not out there." (*Id.* at 41–42.) It is proper for the Bankruptcy Court, in exercising its duty, to determine that its review is "greatly facilitated by the participation" of the UST. (*Id.* at 42.) Accordingly, the Bankruptcy Court's denial of the Boleman Firm's Motion to Quash/Overrule Omnibus Objection is hereby AFFIRMED.

## B. Expert Testimony

█ The Boleman Firm argues that the Bankruptcy Court erred in declining to permit Bruce Matson, Esq. to provide expert testimony. Mr. Matson, a Chapter 7 panel trustee for fifteen years, was admitted to the Bar in 1983 and clerked for the Honorable Blackwell Shelly. The Bankruptcy Court found "that while Matson was an extremely qualified bankruptcy attorney, because his practice area expertise was not in Chapter 13 cases, he was not an expert regarding Chapter 13 supplemental fee applications." *In re Vernon–Williams,* 343 B.R. at 781.

█ As noted above, a Bankruptcy Court's decision to disallow expert testimony is subject to an abuse of discretion standard. *See Westberry,* 178 F.3d at 261. Expert testimony is generally admissible "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence ...." Fed. R.Evid. 702. However, " '[w]here the [trier of fact] is reasonably well-equipped to interpret the facts without enlightenment

from an expert, the latter's testimony is superfluous.' " *In re Terex Corp.,* 70 B.R. 996, 1001 (Bankr.N.D.Ohio 1987) (alteration in original) (*quoting* 11 J. Moore & H. Bendix, *Moore's Federal Practice* § 702.02 at VII–22 (1985)). Indeed, "[e]xpert testimony is not necessary to establish the value of an attorney's services since a judge is 'presumed knowledgeable as to fees charged by attorneys in general and as to the quality of legal work presented to him by particular attorneys.' " *Id.* at 1000 (*quoting Commerce Bank v. Colin (In re Colin ),* 44 B.R. 709, 713 (Bankr.W.D.Mo. 1984)). It follows, then, that the Bankruptcy Court did not abuse its discretion when it determined that Mr. Matson's testimony would not be helpful since he lacks Chapter 13 "area expertise." *In re Vernon–Williams,* 343 B.R. at 781. Accordingly, the Bankruptcy Court's decision to disallow the expert testimony of Bruce Matson, Esq. is hereby AFFIRMED.

## C. Time Records and Supplemental Fee Applications

█ It is well established in the Fourth Circuit that attorney's fees are evaluated by the lodestar method, under which various factors are applied to determine the attorney's reasonable rate and the reasonable number of hours. *EEOC v. Serv. News Co.,* 898 F.2d 958 (4th Cir. 1990); *In re Great Sweats, Inc.,* 113 B.R. 240, 241 (Bankr.E.D.Va.1990) (noting that the Fourth Circuit utilizes a "hybrid of the lodestar and 12–factor tests" [2]). The lode-

---

2. The 12 factors to be considered in evaluating the reasonableness of attorney's fees are:
 (1) the time and labor expended;
 (2) the novelty and difficulty of the question raised;
 (3) the skill required to properly perform the legal services rendered;
 (4) the attorney's opportunity costs in pressing the instant litigation;
 (5) the customary fee for like work;

 (6) the attorney's expectations at the outset of the litigation;
 (7) the time limitations imposed by the client or circumstances;
 (8) the amount in controversy and the results obtained;
 (9) the experience, reputation and ability of the attorney;

star figure is the product of reasonable hours and a reasonable rate. *In re Great Sweats, Inc.*, 113 B.R. at 242. The burden of proof as to the reasonableness of the requested compensation rests with the applicant. *Id.* Indeed, "[t]he Court is not required to adopt the number of hours submitted by an attorney in his fee application, but may make an independent determination of the reasonableness of hours devoted to the case." *Id.*

 It is clear, then, that the court, acting as "a disinterested arbiter," makes the ultimate decision as to the reasonableness of the number of hours submitted by a fee applicant. *Id. (quoting Cohen & Thiros, P.C. v. Keen Enters., Inc.,* 44 B.R. 570, 573 (N.D.Ind.1984)). In making that decision, the court is greatly aided by the submission of actual time records. Indeed, actual time records are the preferred starting point in the lodestar analysis and, as such, can be rightfully requested by the court. Their unavailability, however, does not preclude further analysis—especially when, as in this case, it is undisputed that the work for which compensation is sought was performed.

 Such inadequate documentation is clearly "a proper basis for reducing a fee award." *Guidry v. Clare,* 442 F.Supp.2d 282, 294 (E.D.Va.2006); *see also Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) ("Where documentation of hours is inadequate, the . . . court may reduce the award

(10) the undesirability of the case within the legal community in which the suit arose;
(11) the nature and length of the professional relationship between attorney and client; and
(12) attorney's fees awards in similar cases. *Barber v. Kimbrell's, Inc.,* 577 F.2d 216 (4th Cir.1978) (adopting the Fifth Circuit's decision in *Johnson v. Georgia Highway Express,* 488 F.2d 714, 717–19 (5th Cir.1974)).

accordingly.") When presented with inadequate time records, the court must "make an independent determination of the reasonableness of hours devoted to the case." *In re Great Sweats, Inc.,* 113 B.R. at 242.[3] To that end, the court should, employing the twelve *Johnson* factors and "other considerations," review the fee application and evidence submitted in support thereof (e.g., testimony and affidavits), and adjust the award "(i) by identifying and disallowing specific hours that are not adequately documented, or (ii) by reducing the overall fee award by a fixed percentage or amount based on the trial court's familiarity with the case, its complexity, and the counsel involved." *Guidry,* 442 F.Supp.2d at 294. This exercise will result in the lodestar, which "is presumed to be a reasonable award and is to be modified only rarely." *In re Great Sweats, Inc.,* 113 B.R. at 241 (*citing Blum v. Stenson,* 465 U.S. 886, 899, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)).

Accordingly, the Bankruptcy Court's holding that traditional contemporaneous time records must be present before the Court can begin the lodestar analysis is hereby REVERSED. The case is REMANDED for reconsideration of the Boleman Firm's supplemental fee applications in light of this decision.

### CONCLUSION

For the foregoing reasons, the Bankruptcy Court's Order is AFFIRMED in part, REVERSED in part, and RE-

3. Notably, "Chapter 13 bankruptcy cases often involve a number of relatively routine questions with which regular practitioners quickly become familiar, so they represent the type of cases where a court may well utilize factors in addition to the time reasonably expended and a reasonable hourly rate." *Harman v. Levin,* 772 F.2d 1150, 1153 (4th Cir.1985).

MANDED for further proceedings consistent with this opinion.

Let the Clerk send a copy of this Order to all parties of record.

It is SO ORDERED.