In the Matter of John Thomas
McCOMBS and Clara Cecilia
McCombs, Debtors.

No. 82–2130C(A).

United States District Court,
E.D. Missouri, E.D.

Aug. 24, 1983.

A. Thomas DeWoskin, Curtis L. Mann, St. Louis, Mo., for plaintiff.

David Fischer, St. Louis, Mo., for defendant.

## MEMORANDUM AND ORDER

HARPER, District Judge.

This matter is before the Court on appeal from the order of the United States Bankruptcy Court awarding appellant Trustee the sum of $64.10 for expenses incurred, and awarding appellant attorney for Trustee the sum of $150.00 for services on behalf of the Trustee. Appellants argue that these awards do not represent "reasonable compensation" pursuant to 11 U.S.C. § 330(a)(1).[1]

John and Clara McCombs (hereinafter referred to as Debtors) filed their Joint Voluntary Petition in Bankruptcy on November 19, 1981. In Schedule B–1 attached to said petition, Debtors listed their residence as having a fair market value of $10,000.00.

1. 330. *Compensation of Officers.*

(a) After notice to any parties in interest and to the United States trustee and a hearing * * * the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title * * *

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee * * * based on the time, the nature, the extent, and the value of such services and the cost of comparable services other than in a case under this title;

In Schedule B–4, Debtors claimed exemptions in their real property totalling $2,921.42 out of a total of $15,800.00 available to them.

Court-appointed interim trustee, Curtis L. Mann, appellant, had the McCombs' real estate appraised and determined that it was worth as much as $29,000.00. Concluding that Debtors had undervalued their property, Mann employed A. Thomas DeWoskin, appellant, as his attorney, and filed suit in the United States Bankruptcy Court for the Eastern District of Missouri, seeking recovery of non-exempt assets.

In their answer to appellants' complaint, Debtors claimed their real property valued $17,000.00. Debtors also sought leave to amend their exemptions in Schedule B–4 in order to claim an exemption of $14,000.00 in their residence. Trustee's attorney objected to the proposed amendment on the grounds that the Debtors had had sufficient notice of the Trustee's intentions to amend their claim of exemptions before administration of the estate had begun, and that allowing the amendment would negate the efforts of Trustee and his attorney to recover assets for the benefit of general unsecured creditors.

By oral order on November 4, 1982, the Bankruptcy Court allowed the amended claim of exemptions after finding that there would be no resulting prejudice to general creditors. The Bankruptcy Court awarded appellant Trustee the sum of $64.10 representing reasonable compensation for his expenses and awarding appellant attorney for the Trustee the sum of $150.00 as compensation for his services. From that order appellants appealed to this Court.

■ While it is true that compensation awarded an attorney employed by the trustee of a bankrupt estate must be reasonable and based on factors such as "time, the nature, extent and the value of such services and the cost of comparable services other than in a case under title eleven of

the Bankruptcy Act," it is also an accepted principle in this Circuit that the Bankruptcy Judge is allowed discretion in fixing that award. 11 U.S.C. § 330(a)(1); *Matter of Carter,* 16 B.R. 481, 484 n. 3 (Bkrtcy.Ct.W.D.Mo.1981); *aff'd,* 691 F.2d 390 (8th Cir. 1982). Absent any abuse of that discretion, the award will remain unaltered by this Court. *Id.* at 484.

■ In order to determine whether a Bankruptcy Judge has abused his discretion this Court looks to the test used by the Fifth Circuit: Abuse occurs when the Bankruptcy Court either (1) fails to apply the proper legal standard and procedure in making its fee determination, or (2) bases its fee award on clearly erroneous findings of fact. *Matter of U.S. Golf Corp.,* 639 F.2d 1197, 1201 (5th Cir.1981).

■ Applying the Fifth Circuit test, this Court concludes that the Bankruptcy Judge did not fail to apply the proper legal standard and procedure, nor did he base his fee award on clearly erroneous findings of fact. The Bankruptcy Judge found that the legal principles presented in this case were "neither complex nor unusual" and awarded what he determined to be reasonable compensation. Appellant attorney himself fails to explain in what way the Bankruptcy Judge erred. He merely asserts that greater weight should have been given to several fee determination factors among those listed in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th ·Cir.1974).[2]

The Bankruptcy Judge was in a better position than is this Court to determine the appropriate amount of compensation for appellant attorney and, finding no evidence that the Judge abused his discretion, this Court leaves his award of $150.00 unchanged.

■ Appellant Trustee appeals his award of $64.10 for expenses, claiming that he is entitled to the additional sum of $250.00 representing the value of his services ren-

**2.** Johnson factors made applicable to bankruptcy cases by the Fifth Circuit in *In re: First Colonial Corp. of America,* 544 F.2d 1291 (5th Cir.1977), *cert. denied,* 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977).

dered. As appellees correctly observe, however, said Trustee has performed no compensable services beyond preparation of an estate status report. He did not secure any of Debtors' assets, nor did he conduct negotiations with creditors. The Trustee disbursed none of the bankrupt estate to creditors. In short, only his documented expenses totalling $64.10 are compensable.

Accordingly, the judgment of the United States Bankruptcy Court for the Eastern District of Missouri is affirmed.