## In the Matter of Frances Marion KING, Debtor.

### Hugh A. MINER, Trustee in Bankruptcy, Petitioner,

v.

### WESTERGREN, HAUPTMAN, O'BRIEN, WOLFE & HADLEY, P.C., Respondent.

No. 87–6106–CV–SJ–8.
Bankruptcy No. 85–02011–SJ.

United States District Court,
W.D. Missouri,
St. Joseph Division.

Jan. 16, 1989.

Hugh A. Miner, St. Joseph, Mo., for petitioner.

Steven D. Wolfe, Westergren, Hauptman, O'Brien, Wolfe & Hadley, P.C., Omaha, Neb., for respondent.

## ORDER

STEVENS, District Judge.

Appellant Westergren, Hauptman, O'Brien, Wolfe & Hadley (hereinafter Westergren) challenges the bankruptcy court's decision that it should return to the trustee all fees collected for work performed during the debtor's Chapter 11 bankruptcy proceedings because it was never officially appointed as debtor's law firm pursuant to 11 U.S.C. § 327(a) and because the fees charged were wholly unreasonable for the services performed. This court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a).

Debtor retained Westergren in March 1985 to represent him in various financial and legal matters. On June 6, 1985, Westergren filed debtor's petition for bankruptcy under Chapter 11. On July 19, 1985 the debtor filed an "Application to Employ Attorneys" in order to obtain the court's authorization to employ Westergren and local counsel, Mark G. Stingley, during the course of the Chapter 11 proceedings. This authorization is required by 11 U.S.C. § 327(a) which provides that a debtor in possession must obtain approval of the bankruptcy court before employing an attorney to assist in processing the bankruptcy petition. *See Lavender v. Wood Law Firm*, 785 F.2d 247, 248 (8th Cir.1986) ("An attorney hired to represent a debtor-in-possession must … receive court approval prior to being compensated by the estate…. Without such prior approval, ordinarily subsequent applications for fees should be denied and the funds received

should be ordered returned to the estate."); *Matter of Triangle Chemicals, Inc.*, 697 F.2d 1280, 1282–84 (5th Cir.1983) (explaining that although section 327(a) refers specifically to the trustee, the word "trustee" is identical to "debtor in possession" for Chapter 11 purposes and, therefore, a "debtor in possession [is] not authorized to employ an attorney without the approval of the bankruptcy court").

Debtor's application to employ attorneys was accompanied by the affidavit of Steven D. Wolfe of the Westergren firm. Wolfe's affidavit stated that he was admitted to practice in the state of Nebraska and that he maintained an office with the law firm. The affidavit also noted that Wolfe had no connection with the debtor or the creditors and that his law firm did not have any interest adverse to that of the debtor. No affidavit was submitted by Stingley, the individual debtor sought to employ as local counsel.

On August 7, 1985 the Honorable Dennis J. Stewart made a handwritten notation on page 1 of debtor's two-page application, stating that "application Granted on condition that a proposed plan and disclosure statement be filed on or before September 1, 1985."[1] On August 30, 1985 Westergren filed a plan and disclosure statement on debtor's behalf. An amended plan and disclosure statement was filed on October 30, 1985 after an additional hearing.

Appellant argues that since it filed a proposed plan and disclosure statement before the deadline set by Judge Stewart in his August 7, 1985 order, it could only assume that its application had been granted notwithstanding the fact that it had not filed a motion to proceed *pro hac vice* nor had it complied with the requirements of Local Rule 1 E.[2] Wolfe's affidavit does not meet the requirements of Local Rule 1 E

since it fails to certify that all members of his firm are in good standing in this court and it also fails to name local counsel. The latter problem is exacerbated by the fact that Mark Stingley, the individual who debtor stated would serve as local counsel, did not file an entry of appearance. Despite these omissions, it does not appear as though the bankruptcy judge ever notified Westergren that there was any danger of the provisional appointment as attorney being reneged.

Appellant argues that since it filed the proposed plan and disclosure in accordance with Judge Stewart's order of August 7, 1985 its application to act as debtor's attorney was authorized by the bankruptcy court and, therefore, the court erred in ordering that all fees earned in the Chapter 11 proceedings be returned to the trustee. Appellant also takes issue with that portion of Judge Stewart's ruling stating that the fees must be returned since they were unreasonable, considering the fact that the Chapter 11 bankruptcy was ultimately converted to a Chapter 7 proceeding.

Bankruptcy Rule 8013 provides that a district court reviewing the decision of a bankruptcy court shall not set aside findings of fact unless they are clearly erroneous. The district court must give due regard to the bankruptcy court's opportunity to judge the credibility of witnesses and must review all conclusions of law *de novo*. *Matter of Newcomb*, 744 F.2d 621, 625 (8th Cir.1984).

The court need not reach the issue of whether the bankruptcy court properly approved debtor's application, or whether fees were barred by the fact that appellant did not comply with Local Rule 1 E,[3] because the bankruptcy court correctly held that fees had to be returned to the estate because they represented charges for ser-

1. The handwritten message was dated August 2, 1985 although it was not file stamped until August 7, 1985.

2. Local Rule 1 E provides that a visiting attorney will be permitted to appear in a case only when he or she files "a written statement identifying each court of which [he or she] is a member of the bar; and stating that neither said lawyer nor any member of a firm to which the attorneys [sic] belongs appears on any list of

attorneys disqualified to appear in that, or any other, court of record." The visiting attorney's statement must also designate a member of the bar of this court upon whom service of all papers may be made.

3. The court notes, however, that appellant should have known about this court's rules regarding motions to proceed *pro hac vice* since the firm had earlier been admonished to comply with the rules. *See Matter of Ferguson*, 64 B.R.

vices that were not necessary and not performed in good faith. June 19 Order at 6. Specifically, Judge Stewart found that counsel in this case knew or should have known that reorganization under Chapter 11 was never a viable possibility for this debtor. While attorneys may be awarded fees "in an aborted proceeding" under Chapter 11, fees will not be awarded "if a court finds that [the] proceeding was filed without any reasonable prospect of success or in an effort to head off an inevitable adjudication of bankruptcy...." *In re Casco Fashions, Inc.*, 490 F.2d 1197, 1202–04 (2nd Cir.1973). *See also Matter of Colin*, 44 B.R. 709, 714 (Bankr.W.D.Mo.1984) (court gave "applicant counsel the benefit of the doubt" and reduced hourly rate, rather than deny fees entirely, based on court's belief that "the lack of viability of Chapter 11 proceedings [was] all too painfully apparent"); *In re GWC Financial & Insurance Services, Inc.*, 8 B.R. 122, 125 (Bankr.C.D.Calif.1981) (court ordered attorney to return a portion of fees previously paid noting that the new bankruptcy code "should not be taken to encourage counsel to file a Chapter 11 case with only a vague hope that something might turn up in the future by way of a plan, and then try to justify a large retainer by largely unproductive services").[4]

In this particular case the bankruptcy court chose to order a return of all fees, rather than simply reduce the amount of fees awarded to appellant. The bankruptcy court is given wide discretion in determining "the legality and reasonableness of any proposed [fee] award." *Matter of Davison*, 79 B.R. 859, 860 (Bankr.W.D.Mo. 1987). *See also In re Benassi*, 72 B.R. 44, 46 (D.Minn.1987) ("The bankruptcy court is allowed wide discretion in fixing an attorney's compensation.") (citing *In re U.S. Gulf Corp.*, 639 F.2d 1197, 1201 (5th Cir. 1981)); *Matter of McCombs*, 33 B.R. 387,

388 (E.D.Mo.1983), *aff'd*, 751 F.2d 286 (8th Cir.1984) (bankruptcy court has discretion to fix fee award and its decision will be reversed only if the bankruptcy court applies an improper legal standard or bases the award on clearly erroneous findings of fact). The court has carefully reviewed the record and holds that the bankruptcy judge was not clearly erroneous in finding that appellant should have known that a Chapter 11 proceeding was futile. Similarly, the bankruptcy court was obviously correct in noting that appellant had not complied with the local rules of this court. As a result, the bankruptcy judge properly exercised his discretion in ordering appellant to return all fees earned during the Chapter 11 proceeding. Accordingly, it is

ORDERED that the judgment of the bankruptcy court is affirmed and appellant is directed to return all fees within thirty days of the date of this order.

---

553, 554 (Bankr.W.D.Mo.1986) (bankruptcy court refused to appoint law firm of Westergren, Hauptman, O'Brien & Wolfe as counsel for debtors because the firm "had never requested admission to the bar of this court or authority *pro hac vice* to appear in this case....").

**4.** In all likelihood the bankruptcy judge was also authorized to withhold fees based on appel-

lant's failure to comply with Local Rule 1 E since "misconduct of counsel constitutes a sufficient reason for denying any and all attorney's fees to applicant counsel." *Matter of Davison*, 79 B.R. 859, 861 (Bankr.W.D.Mo.1987) (citing 3A *Collier on Bankruptcy*, ¶ 62.05, p. 1431 (14th ed. 1975)).