In re The Matter of KROH BROTHERS
DEVELOPMENT CO., Kroh
Brothers Realty Co., Bankrupt,

F. Russell MILLIN, Appellant,

v.

KROH BROTHERS DEVELOPMENT
CO., Kroh Brothers Realty
Co., Appellees.

Bankruptcy Nos. 87–00640–1–11,
87–00641–1–11.
Adv. No. 88–0901–CV–W–1.

United States District Court,
W.D. Missouri, W.D.

March 22, 1989.

Sandra Midkiff, Kansas City, Mo.

Stephen B. Millin, Jr., Wilkins & Millin, Kansas City, Mo., for appellant.

James E. Bird, Polsinelli, White & Vardeman, Kansas City, Mo., for appellees.

## ORDER

WHIPPLE, District Judge.

This is an appeal from a Nunc Pro Tunc Order appointing counsel and authorizing payment of interim fees to F. Russell Millin as counsel for Kroh Brothers Development Company, entered April 26, 1988 by the Honorable Karen M. See, Bankruptcy Judge. F. Russell Millin appeals from that portion of the order directing that he return the amount of $7,000 to the Kroh Brothers Development Company estate. Said appeal is pursuant to the provisions of 28 U.S.C.A. § 1291 and Bankruptcy Rule 8001(a).

### Statement of the Case

Appellant is an attorney retained by Kroh Brothers Development Company (hereinafter "KBDC") to represent the corporation with regard to anticipated criminal charges. Appellant was paid a $25,000 retainer fee on February 10, 1987. The contract of employment is dated February 13, 1987, the same day that KBDC filed for protection under the Bankruptcy Act. Appellant has submitted affidavits that indicate he was actually retained on or about February 8, 1987.

The debtor failed to list appellant in Item 20 of the Statement of Affairs of the debtor filed at commencement of the bankruptcy case and failed to seek court approval for the retention or payment of fees to appellant until February 17, 1988. Debtor filed an application for a Nunc Pro Tunc order authorizing employment of appellant pursuant to 11 U.S.C. § 327(e) and requesting approval of interim compensation pursuant to 11 U.S.C. § 330 on February 17, 1988. Appellant was served with a copy of the debtor's application as shown by the Certificate of Service appearing on said Application. Exhibit B to the Brief for Appellant, p. 3. The bankruptcy court issued a show cause order on March 15, 1988, stating:

> For the purpose of enabling the Court to determine reasonable compensation for services provided, and in the interest of preserving the rights of individuals to whom Millin has provided counsel, Mr. Millin is ordered to appear before this Court on March 29, 1988, at 9:30 a.m. to review in camera the services he has provided to the debtors and to produce for this Court the daily time records substantiating his services.

Exhibit C, Appellant's Brief.

A hearing was held in camera, off the record, with appellant in attendance, on April 26, 1988. After the hearing, the bankruptcy court entered its order granting the request of the debtor to approve the retention of appellant and authorizing the payment of interim fees in the amount of $18,000. The court further directed appellant to return the amount received as a retainer in excess of the approved amount of compensation.

On May 11, 1988, appellant filed a motion for reconsideration of that portion of the court's order directing the return of the excess amount received, which is $7,000 of the $25,000 retainer. A telephonic hearing was conducted on the record on May 13, 1988. The motion for reconsideration was denied May 13, 1988 and this appeal followed.

## DISCUSSION

Appellant appeals the bankruptcy court's April 26, 1988 order directing return of the

$7,000 fee amount on the following grounds:

(1) the procedure followed was insufficient and failed to give proper notice or meaningful opportunity for an evidentiary hearing on the question as to whether appellant should return $7,000 to the estate of the debtor;

(2) the bankruptcy judge failed to set forth in sufficient detail in her order the basis for her decision to direct appellant to return $7,000 to the estate of the debtor; and

(3) the finding of the bankruptcy court that the services rendered by appellant as attorney for debtor "did not benefit debtors' estate" is clearly erroneous.

Appellant seeks this court's order reversing the bankruptcy court's direction that appellant return $7,000 to the estate of the debtor or, in the alternative, to remand this matter for a proper evidentiary hearing.

The appropriate standard of review is set forth in Bankruptcy Rule 8013 which provides:

**Rule 8013. Disposition of Appeal; Weight Accorded Bankruptcy Judge's Findings of Fact.**

On appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

By the language of Rule 8013, findings of fact made by the bankruptcy court are not to be set aside on appeal unless they are clearly erroneous. For the reasons expressed herein, the decision of the bankruptcy court as evidenced in the April 26, 1988 Order directing appellant to return to the debtors' estate the excess amount over the $18,000 approved compensation is affirmed.

I. Procedure and Jurisdiction

First, appellant argues that the procedure followed by the bankruptcy court was deficient because the March 15, 1988 show cause order did not direct appellant to produce evidence that his fees were reasonable or benefitted the estate. This argument is completely without merit. The show cause order expressly provides:

*"For the purpose of enabling the Court to determine reasonable compensation for services provided,* ... Mr. Millin is ordered to appear before this Court on March 29, 1988, at 9:30 a.m. to review in camera the services he has provided to the debtors and to produce for this Court the daily time records substantiating his services."* (Emphasis added.)

Clearly, the show cause order gave notice that the court's reason for requiring production of records was for the purpose of determining reasonable compensation. Nonetheless, appellant contends that the notice requirements of Bankruptcy Rule 2017(a) were not followed. Bankruptcy Rule 2017(a) provides:

**"(a) Payment or Transfer to Attorney Before Commencement of Case.** On motion by any party in interest or on the court's own initiative, the court after notice and a hearing may determine whether any payment of money or any transfer of property by the debtor, made directly or indirectly under the Code by or against the debtor, to an attorney for services rendered or to be rendered is excessive."

Appellant received sufficient notice pursuant to the above rule. The Application for Nunc Pro Tunc Order Authorizing Employment of appellant was filed by debtors and served by mail upon appellant on February 17, 1988. This was proper pursuant to the procedures set forth in Bankruptcy Rule 9014 for contested matters. Rule 9014 provides that the motion shall be served in the manner provided for service of a summons and complaint by Rule 7004. Bankruptcy Rule 7004(b)(2) expressly authorizes service by first class mail, postage prepaid, mailed to the place where the individual regularly conducts a business or profession. Thus, the Application and show cause order satisfied the notice provision of Bankruptcy Rule 2017(a). Finally, the

hearing was conducted off the record, *in camera*, to accommodate the appellant. (Transcript of teleconference, Exhibit H to Brief for the Appellant, p. 6). The procedures followed were clearly in compliance with Bankruptcy Rules 2017 and 9014.

■ Second, appellant argues that "[t]he court was well within its jurisdiction to grant the Nunc Pro Tunc Order at the request of debtor and issue the order granting interim fees in the amount of $18,000.00", but that "directing appellant [sic] to return the excess was beyond the scope of the court's jurisdiction under the procedure followed." Appellant's Brief, p. 9. As stated above, the procedures followed were proper and the court acted well within its jurisdiction. Section 329 of the Bankruptcy Code provides:

> **§ 329. Debtor's transactions with attorneys**
>
> (a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such an attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.
>
> (b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to—
>
> (1) the estate, if the property transferred—
>
> (A) would have been property of the estate; or
>
> (B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12 or 13 of this title; or
>
> (2) the entity that made such payment.

Bankruptcy courts have uniformly relied on § 329(b) in ordering the return of amounts in excess of reasonable fees. *See e.g., In re Leff,* 84 B.R. 72, 73–74 (Bkrtcy.

N.D.Tex.1988); *In re Smith,* 48 B.R. 375, 382 (Bkrtcy.C.D.Ill.1984); *In re Swartout,* 20 B.R. 102, 107 (Bkrtcy.S.D.Ohio 1982); *In re Olen,* 15 B.R. 750, 754 (Bkrtcy.E.D.Mi. 1981); *In re Mattocks,* 15 B.R. 379, 386 (Bkrtcy.E.D.N.Y.1981); *In re Wilson,* 11 B.R. 986, 991 (Bkrtcy.E.D.N.Y.1981); *In re G.W.C. Financial & Insurance Services, Inc.,* 8 B.R. 122, 127 (Bkrtcy.C.D.Cal.1981). It is clear that the bankruptcy court has the power to order an attorney who is paid a retainer in excess of what the court determines is reasonable compensation to return the excess amount to the estate.

### II. Sufficiency of Findings of Fact and Conclusions of Law

Appellant next contends that the Bankruptcy Judge failed to set forth in sufficient detail the basis for her decision directing appellant to return $7,000 to the estate of appellant. In support thereof, appellant cites *Firefighters Institute v. City of St. Louis,* 588 F.2d 235 (8th Cir.1978), for the proposition that failure to disclose the basis of a determination in and of itself may justify reversal. Appellant argues that the court failed to specify any basis for the conclusion that the charge by appellant to the debtor was excessive or unreasonable, other than the statement appearing on page 3 of the order, which states:

> Further, the time records show large blocks of time billed for conferences with the attorneys of John Kroh, Jr. and George Kroh, former officers of debtors who are also debtors in bankruptcy proceedings before this court. Both Krohs' interests are and were adverse to the interest of debtors. During the in camera conference no satisfactory explanation was provided to show those services were reasonable, necessary, or of benefit to the estate.

Appellant argues that a subsequent affidavit and time records submitted show that the amount of time spent on those items referenced in the court's order amount to only nine hours out of a total of 189.5 hours. Appellant argues that these items may justify a moderate reduction in the total fee award but certainly not a reduction of $7,000.

■ Bankruptcy Rule 9014 provides that Bankruptcy Rule 7052 applies in contested matters and Bankruptcy Rule 7052 provides that Federal Rule of Civil Procedure 52 applies, thus requiring the court to find the facts specially and to state separately its conclusions of law. Here, the findings reflect the total number of hours for which compensation is sought and the hourly rate charged. The court's findings state clearly the reasons why appellant's time records did not adequately support the full fee amount sought.

■ Appellant cites a portion of the court's order and has ignored the remainder. Specifically, the court noted that the records were sparse and vague, large blocks of time were reflected for conferences with attorneys for individuals known to the court and known to have interests adverse to debtors, that appellant offered no satisfactory explanation to show the services were reasonable, necessary or of benefit to the estate, that appellant's area of practice does not focus on bankruptcy law and that a portion of the services provided did not benefit debtors' estates. The court's findings and conclusions are specific and detailed. The court considered the time, nature, extent and value of the services and applied the standards required by § 330 of the Bankruptcy Code and *Matter of McCombs*, 33 B.R. 387, 388 (Dist.E.D. Mo.1983), *affirmed*, 751 F.2d 286 (8th Cir. 1984).

### III. Compensation Determination

■ Finally, appellant argues that the court's finding that the services rendered did not benefit the debtors' estate is clearly erroneous. Appellant argues that the only evidence concerning the value of appellant's services is contained in the debtor's application and in the affidavit of appellant and attorney Frank Bysfield. Appellant notes that the proceeding was not on the record and asserts that the value of services rendered in connection with the criminal

prosecution may be outside the expertise of a bankruptcy court.[1]

■ The attorney applying for legal fees in bankruptcy cases shoulders the burden of proof regarding the reasonableness of the fees sought. *In re U.S. Golf Corp.*, 639 F.2d 1197, 1207 (5th Cir.1981). The bankruptcy court is allowed to exercise discretion in fixing a reasonable award of fees, taking into account such factors as the time, nature, extent and value of the services and the cost of comparable non-bankruptcy services. The bankruptcy court's determination will not be disturbed absent a clear abuse of discretion.

As stated in *Matter of McCombs*, 33 B.R. 387, 388 (Dist.E.D.Mo.1983), *affirmed*, 751 F.2d 286 (8th Cir.1984),

> In order to determine whether a Bankruptcy Judge has abused his discretion this Court looks to the test used by the Fifth Circuit: Abuse occurs when the Bankruptcy Court either (1) fails to apply the proper legal standard and procedure in making its fee determination, or (2) bases its fee award on clearly erroneous findings of fact. *Matter of U.S. Golf Corp.*, 639 F.2d 1197, 1201 (5th Cir.1981).

A finding is clearly erroneous "when, although there is evidence to support it, the reviewing Court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *In re Doyle–Lunstra Sales Corp.*, 19 B.R. 1003, 1006 (D.S.D.1982); *see also Cohen & Thiros v. Keen Enterprises*, 44 B.R. 570, 572 (D.C.1984); *United States v. Gypsum*, 333 U.S. 364, 395, 68 S.Ct. 525, 541–42, 92 L.Ed. 746 (1948).

■ Applying the above tests, it is clear that the bankruptcy court did not base the award of fees in this case on erroneous findings of fact. Further, the application for allowance of compensation to appellant and the time summary attached thereto did not comply with the requirements of Standing Order No. 1 with respect to timing, format or substantiation. In addition, ap-

---

**1.** It must be remembered that the hearing was held *in camera,* off the record, in order to

accommodate appellant.

pellant's time summary, even as supplemented by the affidavits of Mr. Bysfield and appellant, does not comply with the detail and particularity standards generally required of attorney applications. *See, In re Meade Land Development Co. Inc.*, 527 F.2d 280, 283 (3rd Cir.1975); *In re S.T.N. Enterprises, Inc.*, 70 B.R. 823, 832–35 (Bkrtcy.D.Vt.1987). Indeed, where the applicant has failed to comply with the requirement of obtaining prior court approval of his employment, there exists "a greater burden to provide accurate and detailed records of his time spent when he later seeks to invoke the equitable powers of the court to rectify his oversight." *Hunter Savings Association v. Baggott Law Offices Co., L.P.A.*, 34 B.R. 368, 376 (Dist.S. D.Ohio 1983), *reversed on other grounds sub nom., In re Georgetown Kettering, Ltd.*, 750 F.2d 536 (6th Cir.1984).

As for appellant's contention that the bankruptcy court cannot adequately assess the value of services rendered in this case because said services concerned criminal culpability, the court notes the three "problems" with this theory outlined by Respondent at page 19 of its' Brief:

(1) the Court [Bankruptcy Court] was called upon to determine the value of services provided to a Chapter 11 debtor under §§ 329 and 330 of the Bankruptcy Code, not of fees in a criminal prosecution;

(2) the Court is uniformly acknowledged as an expert on the question of reasonable attorneys fees and may make an award without the aid of expert testimony, *Matter of U.S. Golf Corp.*, 639 F.2d 1197, 1202 (5th Cir.1981); *In re First Colonial Corp. of America*, 544 F.2d 1291, 1300 (5th Cir.), *cert. denied*, 431 U.S. 904, 97 S.Ct. 1696, 97 [52] L.Ed.2d 388 (1977); and

(3) if the Court could have benefitted from the presentation of expert testimony as to the value of Appellant's claimed expertise, appellant [sic] had ample opportunity to present such testimony as to guide the Court in making its determination and did not do so.

Conclusion

This court finds that the Bankruptcy Judge did not fail to apply the proper legal standard and procedure, nor did she base her fee award on clearly erroneous findings of fact. The Bankruptcy Judge was in a better position than this court to reach a determination as the appropriate amount of compensation for appellant. Accordingly, the judgment of the United States Bankruptcy Court for the Western District of Missouri is affirmed.