**In re Harold Ray OFFIELD, Debtor.**

**Bankruptcy No. 88–04917–11.**

United States Bankruptcy Court,
W.D. Missouri,
Southwestern Division.

July 3, 1991.

David Vorbeck, Kansas City, Mo., for Creditor Farm Credit Bank of St. Louis.

## ORDER APPROVING NUNC PRO TUNC EMPLOYMENT OF COUNSEL; ORDER APPROVING FIRST APPLICATION FOR FEES

ARTHUR B. FEDERMAN, Bankruptcy Judge.

The matters before the Court are the motion for approval of employment *nunc pro tunc*, and for allowance of fees and costs, filed by the law firm of William Needler & Associates, Ltd. (Applicant). This Court has jurisdiction over these matters pursuant to 28 U.S.C. § 1334(b), and may enter final orders pursuant to 28 U.S.C. § 157(b)(2).

▮ These issues have been brought to the Court's attention by means of the May 13, 1991 letter from the Trustee. This case was filed on November 14, 1988. Debtor was unable to confirm a Chapter 11 plan, and a creditor's plan was confirmed instead. While this case was before Judge Dennis J. Stewart, the employment of applicant as counsel for debtor was subject to dispute and appeal. On December 21, 1990, applicant filed its first application for fees, seeking compensation for the period October 1, 1988 through December 13, 1990. On January 31, 1991, applicant filed its motion for employment *nunc pro tunc.*

Applicant has requested approval of compensation in the amount of $17,541.25, and expenses of $1,543.97. Applicant has previously received a prepetition retainer of $7,000.00, a prepetition filing fee of $500.00, and a postpetition retainer paid by a non-debtor party of $500.00.

The Trustee and counsel for Federal Land Bank have strenuously objected to the present applications. These objections overlook some important aspects of this particular applicant. First, applicant sought court approval early in this case, such that the present motion to approve employment *nunc pro tunc* is essentially repetitive of earlier efforts. Thus, this situation is factually distinguishable from those cases where counsel seeks *nunc pro*

William Needler, Chicago, Ill., for debtor.

Michael Hufft, Kansas City, Mo., for trustee.

*tunc* employment approval in the latter stages of a case.

Secondly, applicant has played an integral and necessary part in the resolution of recent litigation between the Trustee, debtor, and debtor's family. Given the Court's involvement in these recent events, it concludes that matters may have gotten out of control if it were not for the participation of applicant.

In limited circumstances, "a bankruptcy court as a matter of fundamental fairness may exercise its discretion and enter a nunc pro tunc order authorizing compensation." *Lavender v. Wood Law Firm,* 785 F.2d 247, 248 (8th Cir.1986). The Court concludes that this case is one of those unique circumstances where approval of employment of counsel *nunc pro tunc* is appropriate. Accordingly, applicant's motion to approve employment of counsel is granted.

■ The granting of this motion, however, does not mean that the application shall be approved in full. Pursuant to 11 U.S.C. §§ 330(a)(1) and (a)(2), the court has the discretion to approve "reasonable" fee compensation and reimbursement of expenses. The clear language of the statute[1] shows that the key to the determination is the reasonableness of the fees and the benefit to the estate. *In re Kroh Brothers Development Company,* 120 B.R. 997, 1001 (W.D.Mo.1989) (D.J. Whipple). Chapter 11 cases which lack viable chances of reorganization may place the fees of counsel at risk. *In re King,* 96 B.R. 206 (W.D.Mo.1989) (D.J. Stevens).

■ The attorney applying for legal fees in bankruptcy cases shoulders the burden of proof regarding the reasonableness of the fees sought. The bankruptcy court is allowed to exercise discretion in fixing a reasonable award of fees, taking into account such factors as the time, nature, extent and value of the services and the cost of comparable non-bankruptcy services. *In re Kroh,* 120 B.R. at 1001. Where

the applicant has failed to comply with the requirement of obtaining prior court approval of his employment, there exists "a greater burden to provide accurate and detailed records of his time spent when he later seeks to invoke the equitable powers of the court to rectify his oversight." *In re Kroh,* 120 B.R. at 1001.

In the present case, applicant has requested approval of fees based upon the following total hours of work:

| | |
|---|---|
| William Needler | 83.4 hours |
| James Truax | 18.2 hours |
| J. Truax Travel | 8.5 hours |
| Greg Palis | .2 hours |
| Frank Stepanowski | 1.0 hours |

However, applicants' time sheets, that contain descriptions of the work performed, disclose the following totals:

| | |
|---|---|
| William Needler | 71.1 hours |
| James Truax | 14.7 hours |
| J. Truax Travel | 8.5 hours |
| Greg Palis | .2 hours |
| Frank Stepanowski | 1.0 hours |

The difference between the requested number of hours and those described in the time sheets is not explained by applicant.

The requested fees that are described can be separated into the following categories: 1) preparation of schedules, § 341 meeting, and Rule 2004 exam; 2) travel; 3) employment of applicant; 4) debtor's plan and disclosure statement; 5) creditor's plan and disclosure statement; 6) "status" or "review" entries; 7) fraudulent conveyance litigation; and 8) miscellaneous litigation (exemptions, stay relief, etc.). Within these categories, applicants hours are separated as follows:

| Category | Truax | Needler | Palis | Stepanowski |
|---|---|---|---|---|
| 1 | 8.10 | | | |
| 2 | 8.50 | | | |
| 3 | 3.50 | 9.60 | 0.20 | 1.00 |
| 4 | 2.50 | 2.25 | | |
| 5 | | 20.15 | | |
| 6 | | 16.05 | | |
| 7 | | 14.70 | | |
| 8 | .40 | 8.40 | | |
| Totals | 14.50 | 71.15 | 0.10 | 1.00 |
| | 8.50 (travel) | | | |

■ In applying the standards set by the district courts in *Kroh* and *King,* the Court concludes that portions of applicant's

---

**1.** "The task of resolving the dispute over the meaning of [the statute] begins where all such inquiries must begin: with the language of the statute itself.... [W]here, as here, the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'" *United States v. Ron Pair Enterprises,* 489 U.S. 235, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989).

fees cannot be approved because applicant has failed its burden of proof. First, a portion of the requested fees cannot be approved because the application was sparse and vague. *In re Kroh*, 120 B.R. at 1001. This lack of specificity covers: 1) the differential between the total hours requested by applicant and those described in the time sheets (Truax, 3.7 hours, Needler, 12.25 hours); and 2) the category of services in which the time description involves general comments such as "status" or "review" (Needler, 16.05 hours). The Court further concludes that a portion of the applicant's time did not benefit the estate. *In re Kroh*, 120 B.R. at 1001. Specifically, the Court concludes that applicant's time expended in seeking approval of appointment of counsel did not benefit the estate, (Truax, 3.5 hours, Needler, 9.6 hours, Palis, 0.2 hours, Stepanowski, 1.0). Similarly, the Court concludes that applicant's time spent in opposition to the creditor's plan did not benefit the estate, but rather was for the benefit of Mr. Offield in his individual capacity (Needler, 20.15 hours).

In summary the following fees shall be disallowed:

| | | |
|---|---|---|
| William Needler | 58.05 hours @ $175/hr = | $10,158.75 |
| James Truax | 6.9 hours @ $125/hr = | 862.50 |
| Greg Palis | .2 hours @ $ 75/hr = | 15.00 |
| Frank Stepanowski | 1.0 hours @ $125/hr = | 125.00 |
| Total Disallowed Fees | | $11,161.25 |

According to the Court's calculations, this leaves $6,380.00 in fees, which the Court shall approve pursuant to 11 U.S.C. § 330. The Court also approves $1,543.97 in filing fees and expenses pursuant to 11 U.S.C. § 330. Of the approved fees and expenses, totaling $7,923.97, the filing fee and expenses shall be paid first from the prepetition retainer and filing fee received by the applicant, with the attorneys fee compensation then to be paid from the remaining prepetition retainer. To the extent that any approved attorneys fees remain unpaid, they shall be paid from the retainer deposited by the non-debtor third party. The small amount remaining from the retainer deposited by the third party should be returned to that party, after all payments are made pursuant to this Order.

Given the length of time that this case has been on the Court's docket, the present administrative status of the case, and the requests made by the Trustee to applicant and debtor's other counsel that fee applications be filed and the failure to file any such application, the Court shall consider this application to be a final application for fees and expenses. No other fee applications of debtor's counsel will be considered by the Court in this matter.

IT IS SO ORDERED.