In re COONES RANCH, INC., Debtor.

Cecelia GRUNEWALDT, Appellant/Cross–
Appellee,

v.

MUTUAL LIFE INSURANCE COMPANY
OF NEW YORK; Federal Deposit In-
surance Corporation, Appellees/Cross–
Appellants.

Nos. 92–2828, 92–2941.

United States Court of Appeals,
Eighth Circuit.

Submitted May 13, 1993.

Decided Oct. 14, 1993.

Lee A. Magnuson, Sioux Falls, SD, argued, for appellant.

Timothy C. Kingston, Denver, CO, argued (Jeanne R. Lee and Robert Hayes, on brief), for appellees.

Before RICHARD S. ARNOLD, Chief Judge, LAY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Cecelia Grunewaldt, attorney for Coones Ranch, Inc., a debtor in bankruptcy, appeals from the district court's[1] order affirming Bankruptcy Rule 9011 sanctions against her. The FDIC, a creditor benefitting from the sanctions order, cross appeals from the district court's reversal of a bankruptcy court[2] order that Grunewaldt disgorge all compensation she received in connection with the Coones Ranch bankruptcy. We affirm the judgment of the district court in part and reverse in part.

Long before the bankruptcy proceeding involved here, James Coones, a Wyoming rancher, had filed for personal bankruptcy in Wyoming. His major creditors were the FDIC and Mutual Life Insurance Company of New York (known as MONY), both of whom were, in some degree, secured creditors. In a series of orders the Wyoming bankruptcy court granted MONY relief from the bankruptcy stay to allow it to foreclose on the ranch; granted FDIC a modification of the stay; and ultimately dismissed the entire case on the grounds that the estate had continued to diminish and Coones had not been able to come up with an acceptable reorganization plan. Coones appealed the order granting the FDIC's motion for relief and the dismissal order. He asked for a stay pending appeal, but was unable to satisfy the court's conditions for obtaining such a stay. Coones sold certain livestock subject to the FDIC's security interest, and the FDIC obtained an injunction prohibiting Coones from disposing of the proceeds from the livestock. The FDIC also obtained an order from a South Dakota court requiring the livestock sale proceeds to be escrowed with the court. MONY proceeded to foreclose on the mortgage, with a public foreclosure sale of Coones' real estate scheduled for March 12, 1991.

On the eve of foreclosure, March 8, 1991, Coones incorporated Coones Ranch, Inc. as a South Dakota corporation. On March 10, 1991, a Sunday, Coones met with Cecelia Grunewaldt at her office in South Dakota and retained her as bankruptcy counsel, after his Wyoming attorney advised him the foreclosure sale would not be stayed.

As sole shareholder and sole director of Coones Ranch, Inc., James Coones held the first board meeting on March 11 and "the board" resolved to file a Chapter 11 petition for reorganization. Coones transferred personal property to the corporation, including the cash proceeds from the livestock sale "only to the extent which such proceeds were secured to the [FDIC]," and he quit-claimed the Wyoming ranch land to the corporation.

Coones Ranch, Inc. filed for bankruptcy on March 12, 1991, the day scheduled for the foreclosure sale of the ranch. According to the bankruptcy court, "At the time Debtor filed its petition: Debtor had no employees

---

1. The Honorable John B. Jones, Chief Judge, United States District Court for the District of South Dakota.

2. The Honorable Irvin N. Hoyt, Chief Bankruptcy Judge for the United States Bankruptcy Court for the District of South Dakota.

except James A. Coones and a secretary shared with other businesses in the same office building; all of Debtor's scheduled vehicles were titled in the name of James A. Coones; it did not have any office furnishings or equipment, including a telephone, other than those lent to it by its new landlord; Debtor did not have a bank account in South Dakota; James A. Coones, Debtor's only stockholder, officer, and director, did not reside in South Dakota; and Debtor had not conducted any business in South Dakota or elsewhere."

The bankruptcy court dismissed the petition, concluding on a number of grounds that Coones Ranch, Inc. filed the petition in bad faith. The court wrote, "Debtor's petition is a classic example of a bad faith filing arising from 'new debtor syndrome.'"[3] *In re Coones Ranch, Inc.*, 138 B.R. 251, 259 (Bankr.D.S.D.1991), in which, generally, the old debtor transfers encumbered property to a new debtor created simply to file bankruptcy with no real prospect of reorganization.

FDIC and MONY then moved the court to enter sanctions against Coones Ranch, Inc., James Coones, and Cecelia Grunewaldt, because the petition was filed in bad faith and was not well grounded in fact or law. FDIC asked for $9,764.78 in fees and expenses incurred in the case, and MONY asked for $24,207.78 in fees and expenses. The court held a hearing. Coones and Grunewaldt testified. Coones testified that he first met with Grunewaldt on the afternoon of Sunday, March 10. They discussed Coones' financial position generally, including the fact that his Wyoming bankruptcy had been dismissed,

that several appeals were pending, and that the stay had been lifted and the ranch was about to be sold at foreclosure sale. He also told her that the proceeds from the livestock sale were held in escrow pursuant to a Wyoming court order and he could only use the money with that court's approval.

Coones said he had first seriously considered incorporating his ranch six months before actually doing so, and the purpose of the incorporation was to winter his cattle in South Dakota so that it would not be necessary to save grass on the Wyoming ranch for winter feed. He also said he intended to do custom combining work for South Dakota farmers. However, at the time of the incorporation and Chapter 11 filing, Coones had neither cattle, nor contracts to obtain pasture or to do any custom cutting in South Dakota. (App. 100–01) He explicitly stated that the South Dakota bankruptcy was filed to stop the foreclosure sale because he had not gotten a stay in Wyoming. (App. 82).

Grunewaldt's testimony was generally consistent with Coones'. She also admitted she knew that the corporation had no employees except Coones and a receptionist whom it shared with other tenants in the building where it had just leased space. Grunewaldt realized that the corporation had never yet conducted any business. Grunewaldt specifically advised Coones to transfer only encumbered property to the corporation so that he could later offer any other property he had as an infusion of new capital.

■ The bankruptcy court applied Bankruptcy Rule 9011,[4] and held that the Rule

---

3. The term "new debtor syndrome" is used in the leading case, *Little Creek Dev. Co. v. Commonwealth Mortgage Corp.*, 779 F.2d 1068, 1073 (5th Cir.1986).

4. Rule 9011(a) provides:

   **Signing and Verification of Papers**
   **(a) Signature**
   Every petition ... filed in a case under the Code on behalf of a party represented by an attorney ... shall be signed by at least one attorney of record in the attorney's individual name.... The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is

   warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

   The language of Rule 9011 closely tracks the language of Fed.R.Civ.P. 11 and law interpreting Rule 11 is applicable to Rule 9011 cases. *See*

requires imposition of sanctions when papers filed are legally unreasonable or without factual foundation or when papers are filed for an improper purpose. *In re Coones Ranch, Inc.,* No. 91–40183–PKE, slip op. at 11, 1992 WL 111110 (Bankr.D.S.D. March 10, 1992). The court imposed joint and several liability for $10,000 in fees on Coones, Coones Ranch, Inc., and Grunewaldt. First, the court stated facts showing that Grunewaldt had no reason to believe the petition was "well-grounded in fact," because she knew facts indicating there was no reasonable chance that the corporation could reorganize. Second, the court held that the petition was not "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law," because the facts of the case fit the "new debtor syndrome" and Grunewaldt had no respectable argument that the existing law should be changed or that the facts at hand were distinguishable. Slip op. at 16. Third, the court found that Coones Ranch, Inc. filed the petition for an improper purpose—to delay the foreclosure sale. Efforts to delay creditors are to some extent inherent in bankruptcy, but the court found that Coones' efforts to delay his creditors were improper, since he had already had his chance to reorganize. After failing in Wyoming, Coones fled to another jurisdiction and filed another bankruptcy as "an interim solution while he continued his legal efforts in Wyoming federal and state courts." Slip op. at 18. The court refused to award the entire amount of fees incurred by FDIC and MONY, because it would be too burdensome. Yet the court held that some monetary sanctions were needed for deterrence. The court ordered Grunewaldt to return any fees she received in connection with the case.

Grunewaldt appealed to the district court, which affirmed most of the sanctions order, but reversed that part requiring Grunewaldt to return any compensation paid in connection with the case. *Grunewaldt v. Mutual Life Ins. Co. of New York,* No. 92–4084 (D.S.D. July 8, 1992).

Grunewaldt argues that she conducted a reasonable investigation, but claims two circumstances prevented her from discovering that the petition was not founded in fact or warranted in law: (1) the shortness of time between being retained and being required to file and (2) the fact that her client misled her.

We apply an abuse-of-discretion standard of review in all aspects of Rule 11 (and by analogy, Rule 9011) cases. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 2460, 110 L.Ed.2d 359 (1990). "When an appellate court reviews a district court's factual findings, the abuse-of-discretion and clearly erroneous standards are indistinguishable. A court of appeals would be justified in concluding that a district court had abused its discretion on making a factual finding only if the finding were clearly erroneous." 496 U.S. at 401, 110 S.Ct. at 2458. Where there are two permissible views of the evidence, we must uphold the fact finder's choice between them. *Id.* at 400–01, 110 S.Ct. at 2458–59 (quoting *Anderson v. Bessemer City,* 470 U.S. 564, 573–74, 105 S.Ct. 1504, 1511–12, 84 L.Ed.2d 518 (1985)).

The bankruptcy court's findings easily survive the abuse of discretion test. The bankruptcy court explicitly recognized time pressure as a factor in evaluating the reasonableness of a pre-filing inquiry. Moreover, the court's opinion shows the court sanctioned Grunewaldt more for what she did know than for what she failed to find out. Grunewaldt's complaints about how Coones misled her are not persuasive. First, she complains that Coones' estimate of how much his land was worth was too low, that had she known his ranch was worth more, she could have seen that there was no real prospect for reorganizing. The logic of this argument evades us. Second, she argues that she did not know Coones had previously abused the legal process. However, the court's reference to Coones' past abuse of the system related to imposition of sanctions on Coones himself, not on Grunewaldt. Slip op. at 20. Third, Grunewaldt states that she was not aware that Coones expected to file bankruptcy as soon as Coones Ranch, Inc. was incorporated. This is simply a matter of credibility. There was undisputed evidence that: the

corporation was formed on March 8; the first meeting of the Board of Directors on March 11 resulted in a resolution to file bankruptcy; and the corporation filed bankruptcy on March 12. The court was entitled to infer from these facts that Grunewaldt should have known Coones contemplated the bankruptcy filing at the time of incorporation.

Grunewaldt next argues that there was a legal basis for the filing and that the petition was not filed for an improper purpose. Under the facts we have discussed, the bankruptcy court did not clearly err in finding that the Coones Ranch, Inc. bankruptcy was filed without any reasonable hope of reorganization, and that it had the improper purpose of avoiding the effect of the Wyoming bankruptcy court's decision.

Grunewaldt also argues that monetary sanctions were not appropriate. The monetary sanctions the district court awarded were quite reasonable. We see no abuse of discretion.

Finally, the FDIC appeals the district court's reversal of the bankruptcy court's disgorgement order. The FDIC argues that the money Coones paid to Grunewaldt (the parties do not inform us of the amount or whether it was Coones himself or Coones Ranch, Inc. that paid) depleted the assets left for the FDIC to collect to satisfy its judgment against Coones. The bankruptcy court's order regarding this matter was quite brief, stating *in toto*: "Finally, Attorney Grunewaldt must return to the payor any compensation she has received for services and costs in this case. Since her services rendered no benefit to the estate, no fees were earned. *In re Reed*, 890 F.2d 104 (8th Cir.1989)." Slip op. at 18. The district court's reversal was similarly brief: "[T]he Amended Order entered by the Bankruptcy Court on March 19, 1992, be and the same is hereby reversed insofar as it orders appellant Grunewaldt to return to the payor any compensation she has received for services and costs in this case."

Grunewaldt argues that the FDIC has no standing to appeal the district court's order, and that the bankruptcy court should not have ordered the fees disgorged because Grunewaldt's services benefitted the estate and should be payable by the debtor, if not the estate.

The district court reviews the bankruptcy court's decisions regarding debtors' attorney's fees for abuse of discretion. *See In re King*, 96 B.R. 206, 208 (W.D.Mo.1989). The FDIC, as a major creditor, has an obvious interest in return of money that would increase Coones' assets. A court may conclude that an attorney who should have known a reorganization was futile before filing the petition has rendered no service to the estate and should therefore not be compensated for such service. *Id.; In re Lederman Enter., Inc.*, 997 F.2d 1321, 1324 (10th Cir.1993). This is true whether fees were paid by a debtor or third party. *In re Boh! Ristorante, Inc.*, 99 B.R. 971, 972 (9th Cir. B.A.P., 1989). The district court did not articulate any basis for concluding that the bankruptcy court abused its discretion in ordering disgorgement, nor has Grunewaldt convinced us that this is the case.

We therefore reverse that part of the district court decision overturning the bankruptcy court's disgorgement order. In all other respects we affirm the district court.